PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, *etc.*, | ) ) ) | CASE NO. 4:08CV0160 |
| Plaintiff, | ) ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, *etc.*, *et al.*, | ) ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 252 and 255] |

Pending are Defendant Freddie Mac's and Individual Defendants' Motions to Vacate Prior Orders and For Leave to File a Renewed Motion to Dismiss, ECF Nos. 252 and 255.

After giving notice to the parties, the Court held a hearing on the record. *See* Transcript of Proceedings (ECF No. 279). The Court has been advised, having reviewed the parties' briefs and the applicable law. The Court has also considered the oral arguments of counsel, as well as the entire record in this matter, and being otherwise advised in the premises. For the reasons provided below, the Court grants in part the motions to vacate and grants leave to file renewed motions to dismiss. Given that Defendants request leave of Court to file renewed motions to dismiss the Third Amended Complaint (ECF No. 166), the Court denies the part of their motions that seek an order vacating the order which granted Lead Plaintiff's Motion for Leave to File a Third Amended Complaint, ECF No. 165.

(4:08CV0160)

## I. Background

The value of Defendant Federal Home Loan Mortgage Corporation's ("Freddie Mac")[1] common stock fell abruptly in 2007 amidst the deterioration of the U.S. housing and subprime and alternative mortgage market. *See* Third Amended Complaint (ECF No. 166 at ¶¶ 190-91). Lead Plaintiff Ohio Public Employees Retirement System ("OPERS") brings this action on behalf of all purchasers of Freddie Mac common stock during the period from August 1, 2006 through and including November 20, 2007 (the "Class Period") who were allegedly damaged by the reduced value. ECF No. 166 at ¶ 13. Lead Plaintiff seeks redress for Defendants' alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. §§ 78j(b), 78t(a), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder. Defendants Richard F. Syron, Patricia L. Cook, Anthony S. Piszel, and Eugene M. McQuade (the "Individual Defendants") are former senior officers at Freddie Mac. ECF No. 166 at ¶ 13. On September 6, 2008, the Director of the Federal Housing Finance Agency ("FHFA") appointed FHFA as Conservator of Freddie Mac. ECF No. 57 at Page ID#: 1. On November 19, 2008, FHFA intervened in the case at bar. *See* Order (ECF No. 59).

Plaintiff filed this putative securities fraud class action on January 18, 2008. The case was randomly assigned to two members of the Court whom recused themselves, pursuant to 28 U.S.C. § 455(b)(4) and (a), respectively, because they were receiving benefits from OPERS. *See* ECF Nos. 2; 3. On January 22, 2008, The case was assigned to U.S. District Judge John R.

---

[1] Freddie Mac is the publicly-traded government-sponsored enterprise chartered by Congress in 1970 to promote homeownership by providing liquidity, stability and affordability to the home mortgage market. ECF No. 166 at ¶ 1.

2

(4:08CV0160)

Adams.  *See* ECF No. 3.  After presiding over the case at bar for more than five (5) years, on April 10, 2013, Judge Adams recused, citing 28 U.S.C. § 455, and returned the case to the Clerk of Court for reassignment.  *See* Order of Recusal (ECF No. 246).  He provided no explanation for his recusal.  On April 25, 2013, the undersigned was assigned to the case, after it had been first randomly reassigned to another member of the Court whom also recused.  *See* ECF No. 250.

Defendants take issue with three of the orders entered by Judge Adams.  First, on January 23, 2012, Judge Adams denied Defendants' Motion to Dismiss the Second Amended Complaint with Prejudice, articulating that "[a]fter reviewing the briefing by the parties, as well as the *SEC Subprime Litigation* complaint and Non-Prosecution Agreement [the SEC entered into with Freddie Mac], the Court is convinced that discovery needs to take place in this matter."  ECF No. 126 at PageID #: 4908 (italics in original).  Second, on March 27, 2012, Judge Adams granted Lead Plaintiff's Motion for Leave to File a Third Amended Complaint, ruling:

> Plaintiff's Motion for Leave to File a Third Amended Complaint, Doc. 136, is hereby granted.  The Third Amended Complaint shall be filed no later than Thursday, March 29, 2012.  Discovery shall commence on the full scope of the Third Amended Complaint immediately.

ECF No. 165 at PageID #: 5567.  Third, on May 25, 2012, Judge Adams denied Defendants Freddie Mac's, Eugene McQuade's, and Anthony Piszel's separate Motions to Dismiss the Third Amended Complaint with Prejudice, ruling that "**[t]he Court remains convinced that discovery needs to take place in this matter**. . .[And, that the] Court will revisit these issues upon motions for summary judgment, if again raised." (emphasis in original).  ECF No. 184 at Page ID #: 6529.

After the assignment of the case to the undersigned, Defendant Freddie Mac filed a Motion to Vacate Prior Orders and for Leave to File a Renewed Motion to Dismiss.  ECF No.

3

(4:08CV0160)

252. The Individual Defendants also filed a Motion to Vacate Prior Orders and for Leave to File Renewed Motions to Dismiss. ECF No. 255. In their motions, Defendants move the Court to vacate the orders described above (ECF Nos. 126, 165, and 184) and grant them leave to a file renewed motions to dismiss the operative complaint in this action, *i.e.*, the Third Amended Complaint (ECF No. 166).

## II.  Discussion

28 U.S.C. § 455(a) provides that a judge "shall" disqualify herself in "any proceeding in which [her] impartiality might reasonably be questioned." Section 455 is a self-executing recusal section. If a reasonable person, knowing all the relevant facts, would doubt the judge's impartiality, the judge is required to recuse herself. *Roberts v. Bailar*, 625 F.2d 125, 129 (6th Cir. 1980). Section 455 requires mandatory disqualification when: (1) the judge's impartiality might reasonably be questioned; or (2) an actual bias, prejudice, or conflict exists.

Because Judge Adams was formerly an Ohio state public employee, Freddie Mac argues that there is an appearance that Judge Adams had an entitlement to receive benefits from OPERS during the time that he presided over this case and issued major rulings adverse to Freddie Mac and the Individual Defendants. ECF No. 252 at PageID #: 9703.

Defendants make much of Judge Adams' denials of Defendants' dispositive motions without articulating an opinion on Defendants' substantive arguments or providing a merits-based explanation for ruling that the allegations in OPERS' complaints met the heightened pleading requirements of the Private Securities Litigation Reform Act ("PSLRA"). See ECF Nos. 126; 184. Defendants compare Judge Adams' rulings with a parallel putative securities fraud class action against some of the same Defendants, in which another district

4

(4:08CV0160)

issued: (1) a 37-page opinion granting, without prejudice, Defendants' motions to dismiss, Kuriakose v. Federal Home Loan Mortg. Co., No. 08-cv-7281 (JFK), 2011 WL 1158028 (S.D.N.Y. March 30, 2011); and (2) a 34-page opinion granting, with prejudice, Defendants' motions to dismiss, and denying the plaintiffs' motion to amend which, according to Freddie Mac, was virtually identical to the motion to amend that Judge Adams granted without issuing any opinion.[2]  Kuriakose v. Federal Home Loan Mortg. Co., 897 F. Supp.2d 168 (S.D.N.Y. 2012).

Plaintiff responds in opposition that "even if Judge Adams was an OPERS beneficiary at any point in time during which he presided over this case, the Code of Judicial Conduct for United States Judges and the applicable case law explain that this would not amount to a disqualifying event under 28 U.S.C. § 455; and, accordingly, there is no reason to vacate any of his prior rulings."  ECF No. 260 at PageID#: 9779.

Judicial integrity depends as heavily on the appearance of impartiality as the actual impartiality of the judiciary.  The Supreme Court has made clear that the appearance of impropriety may require a retroactive recusal even when a judge did not know of the facts giving rise to an appearance of impropriety until after (a) his rulings were made and (b) judgment entered.  See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 859-61 (1988).

---

[2] The judge in *Kuriakose* held that the plaintiffs had failed adequately to plead scienter due to, *inter alia*, "the bevy of truthful disclosures that Freddie Mac made throughout the Class Period."  897 F.Supp.2d at 185.  ECF Nos. 126 and 184, however, did not address this at all.  Freddie Mac argues that Judge Adams's *sua sponte* recusal together with his failure to articulate findings on arguments virtually identical to those that the *Kuriakose* court accepted in dismissing that related case create the appearance that he lacked impartiality when he issued ECF Nos. 126 and 184 in the case at bar.  ECF No. 252 at PageID #: 9703.

5

(4:08CV0160)

"The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg.*, 486 U.S. at 865.  "[Section] 455 should 'in proper cases, be applied retroactively' in order 'to rectify an oversight and to take the steps necessary to maintain public confidence in the impartiality of the judiciary.'" *Barksdale v. Emerick*, 853 F.2d 1359, 1362 (6th Cir. 1988) (quoting *Liljeberg.*, 486 U.S. at 861).

Although his order does not and need not expound, Judge Adams' recusal *via* the invocation of 28 U.S.C. § 455 strongly encourages vacatur.  The goal of ensuring finality without even the slightest pall of an appearance of partiality demands it.

### III.  Conclusion

Defendant Freddie Mac's Motion to Vacate Prior Orders and for Leave to File a Renewed Motion to Dismiss (ECF No. 252) and the Individual Defendants' Motion to Vacate Prior Orders and for Leave to File Renewed Motions to Dismiss (ECF No. 255) are granted in part.  ECF Nos. 126 and 184 are vacated and set aside.  Defendants are granted leave to file separate renewed motions to dismiss.

Freddie Mac and the Individual Defendants shall serve and file their Renewed Motions to Dismiss the Third Amended Complaint on or before September 9, 2013.

IT IS SO ORDERED.


 August 23, 2013                              */s/ Benita Y. Pearson*
Date                                          Benita Y. Pearson
                                              United States District Judge