UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, *etc.*,

Plaintiff,

vs.

FEDERAL HOME LOAN MORTGAGE CORPORATION, *etc.*, *et al.*,

Defendants.

Civil Action No. 4:08-cv-160

Judge Benita Y. Pearson

Magistrate Judge William H. Baughman, Jr.

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO NAME A NEW EXPERT ON CLASS CERTIFICATION ISSUES AND SUBMIT ADDITIONAL EXPERT EVIDENCE ON THE ISSUE OF MARKET EFFICIENCY**

## INTRODUCTION

Plaintiff seeks to name an expert to provide a report and testimony, for the purposes of class certification, on the issue of market efficiency. The deadline for expert disclosure has not passed. Plaintiff's prior expert on market efficiency, Dr. Greg Hallman, is unavailable going forward. Given the significant changes in the law regarding market efficiency in securities cases Plaintiff requests it be allowed to offer a new expert opinion, reflecting the most current standards and tests as defended by their new expert, for their renewed motion for class certification.

## BACKGROUND

On August 16, 2012, Dr. Greg Hallman finalized an expert report providing his opinion on the efficiency of the market for Freddie Mac common stock during the class period of August 1, 2006 to November 20, 2007. (Doc. 199-10). His opinion, in part based upon an event study, concluded that the market for Freddie Mac common stock was semi-strong form efficient during

the class period. *Id.* at 3. The report was filed the next day in conjunction with Plaintiffs' Motion for Class Certification. (Doc. 199). That motion was denied without prejudice by a non-documented order dated August 23, 2013, in conjunction with an Order granting in part Freddie Mac's motions to vacate prior orders and file a renewed motion to dismiss. (Doc. 281). The current scheduling order provides for a Renewed Motion for Class Certification, along with any supporting expert report, within ninety days after the Court's ruling on this motion. (Doc. 354).

## ARGUMENT

### I. Dr. Hallman is Unexpectedly Unavailable Going Forward; Plaintiffs Should Be Allowed to Name a New Expert.

Dr. Hallman was originally retained by Plaintiff's Counsel to provide opinions on various matters, including market efficiency. (Hallman Report, Doc. 199-10). An opinion on market efficiency took precedence, as it was supportive of class certification, but Plaintiff's Counsel assumed that Dr. Hallman would later render opinions on loss causation and damages, as often occurs in securities actions. Declaration of W.B. Markovits, ¶ _. *See, e.g., In re Schering-Plough Corp. Enhance Sec. Litig.*, No. CIV.A. 08-2177 DMC, 2013 WL 5505744, at *15–16 (D.N.J. Oct. 1, 2013) (expert opining on market efficiency, causation, valuation analysis).

To Plaintiff's counsel surprise, when Dr. Hallman was contacted regarding future work following the opinion of the Sixth Circuit in this matter, he told Plaintiff's counsel he was unavailable going forward. Declaration of W.B. Markovits, ¶ _; Declaration of Greg Hallman, ¶ 3. The reasons for this included: 1) his current full-time positions at the University of Texas at Austin do not provide him the time necessary; 2) the University expects him to focus on his responsibilities there; 3) he is no longer associated with the economic consulting group of Charles River Associates, and he no longer has the staff used on his prior report, so he does not have the support necessary for further analysis; and 4) he is no longer providing this type of consulting.

Declaration of Greg Hallman, ¶¶ 4-6. Although Plaintiff's counsel was not informed at the time, apparently Dr. Hallman's decision to focus on academics occurred a few years ago. Declaration of W.B. Markovits, ¶ _. He terminated his relationship with Charles Rivers Associates in 2013, and a decision from late 2013 allowed substitution of another expert for Dr. Hallman for essentially the same reasons given above. *See Gulf Coat Shippers Ltd. Partnership v. DHL Exp. (USA), Inc.*, 2013 WL 5739781 (D. Utah Oct. 22, 2013) ("*DHL*").

This request for a new expert is not, as repeatedly suggested by Freddie Mac counsel, "gamesmanship" on the part of Plaintiff's counsel. Plaintiff's counsel has no great desire to start with a new expert on market efficiency and related issues, but has no choice.

The typical case involving a new expert occurs where, after the deadline for disclosure of experts has passed, a party seeks to substitute experts. This is not that case. No deadlines for expert disclosure have been missed. No extension of the discovery schedule is sought.

Even were this motion governed by the standards applicable to substitution of experts following missed deadlines, Plaintiffs should be allowed to name a new expert. Courts addressing typical substitution of expert cases generally apply the "good cause" standard of Fed.R.Civ.P. 16(b). *See Whiteside v. State Farm Fire & Cas. Co.*, No. 11-10091, 2011 WL 5084981, at *1 (E.D. Mich. Oct. 26, 2011) ("Courts have consistently permitted the substitution of expert witnesses when unforeseen events render the original expert unavailable to testify at trial.").

A fair example of the application of the "good cause" standard may be found in *DHL*, the prior case involving Dr. Hallman. The Court applied a four-factor test: (1) the prejudice of surprise to the party the new expert will testify against; (2) the ability of the party to cure the prejudice: (3) the extent late designation would disrupt the orderly and efficient trial of the case; and (4) whether the requesting party acted in bad faith or willfully failed to comply with the original scheduling

order. *DHL*, 2013 WL 5739781 at *1. The Court weighed the four factors and determined: (1) the opposing party was not prejudiced because no trial date had been set; (2) any prejudice was easily curable because there was ample time for the submission of a new expert disclosure, as well as for any necessary additional reports or depositions; (3) a replacement expert would not disrupt the orderly and efficient trial of the case; and (4) the requesting party appeared to be acting in good faith, given Dr. Hallman's unavailability going forward. *Id* at *1-2. A similar result would obtain in considering substitution of Dr. Hallman in this case, were a Rule 16 extension of schedule necessary.

The closest analogy Plaintiff could find to the present set of facts is a case involving replacement of an expert following appeal and remand. In *Green v. City & Cty. of San Francisco*, 2015 WL 1738025 (N.D. Cal. Apr. 8, 2015), a case was remanded following reversal of summary judgment on appeal. Three years had passed and defendants' original expert was no longer available. Plaintiff moved to strike the new expert report, arguing that it was an improper supplemental report that went beyond the opinions addressed in the original expert's report. The court denied plaintiff's motion. As an initial matter, the *Green* court stated that "[t]he new report is justified by the delay between expert disclosure and the appeal in this case, which led to the unavailability of [the original expert]." *Id.* at *3. The court found that the plaintiff was "not prejudiced by the timing of [the new expert] report" since the defendants provided the plaintiff with the new expert report more than five months prior to the close of expert witness discovery. *Id.* Thus, the court found, the plaintiff "still [had] the opportunity to depose [the new expert]" and could "still conduct expert discovery based on the contents of the new report." *Id.* Again, the same type of analysis should apply here where no deadline has been missed, any expert witness

discovery deadline is months away, and Defendants will have ample opportunity to conduct discovery based on a new report.

**II. An Updated Opinion on Market Efficiency, in Support of a Renewed Motion for Class Certification, is Appropriate.**

Much has changed in the more than four years that have passed since Plaintiff's motion for class certification was originally filed. For example, the original briefs dealt in significant part with the issue of "materiality." As reflected in later filings, the Supreme Court in *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, ___U.S.___, 133 S.Ct. 1184 (2013) held that materiality was not required to be proven at the class-certification stage. (Doc. 238). So this issue would no longer be briefed.

Freddie Mac currently argues that *Comcast Corp. v. Behrend,* 133 S. Ct. 1426 (2013) and *Ludlow v. BP, P.L.C.,* 800 F.3d 674 (5th Cir. 2015) preclude class certification. Plaintiff believes that these cases are inapplicable on the facts and, in the case of *Ludlow*, incorrect as a matter of law. This is, however, a matter for briefing on class certification, as recognized by the Court. (Doc. 354). But to the extent *Comcast* suggests an expert opinion on the availability of a classwide damage calculation is appropriate, this piece of evidence – absent from the prior class certification motion and expert report – will have to be addressed by a new expert.

The Supreme Court decision in *Halliburton Co. v Erica P. John Fund, Inc.*, 134 S. Ct. 2398 (2014) ("*Halliburton II")*, however, had perhaps the most dramatic impact on market efficiency determinations for the purpose of class certification. *Halliburton II* reaffirmed the availability of the fraud-on-the-market presumption of reliance for purposes of a Rule 10b-5 class certification. But, as one commentator noted, the "most enlightening conceptual contribution made by the

majority opinion in *Halliburton II* is on market efficiency."[1] In particular, Chief Justice Roberts' opinion "stresses that the efficiency question is not to be particularly rigorous — 'generalized' efficiency is sufficient, not some idealized vision of hyper-efficiency. On this, he is clearly right." *Id.* at __. In addition to *Halliburton II*, there are more than fifty reported cases since Dr. Hallman's report that bear upon market efficiency, including those holding, in light of *Halliburton II*, that an event study is not required to show an efficient market. *See, e.g., Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*, 310 F.R.D. 69, 86 (S.D.N.Y. 2015). In another of the reported cases, a court held an event study was not required, and rejected the opinions of Dr. Bajaj (Freddie Mac's expert in this case) that the market was inefficient. *Bennett v. Sprint Nextel Corp.*, 298 F.R.D. 498, 510 (D. Kan. 2014).

Plaintiffs have retained the services of Dr. Steven P. Feinstein for expert testimony going forward in this case. It is Plaintiffs' hope that the Court will allow Dr. Feinstein to testify about market efficiency as a replacement for the unavailable Dr. Hallman. If this is permitted, it would also make sense to allow Dr. Feinstein to provide his own report on market efficiency under current legal standards. *Halliburton II*'s acknowledgment of informational efficiency suggests additional tests that Dr. Hallman did not consider in 2012. Declaration of Steven P. Feinstein, ¶ ____. And Dr. Hallman's report on market efficiency involved certain areas of judgment that, due to his unavailability, he will not be able to defend at any *Daubert* hearing, class certification hearing, or at trial. Dr. Feinstein should be allowed to defend his own opinion, testing and judgment – not be required to defend Dr. Hallman's.

---

[1] Donald C. Langevoort, *Judgment Day v. Fraud-on-the-Market: Reflections on Amgen and the Second Coming of Halliburton*, 57 ARIZ. L. REV. 37 (2015).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that its Motion to Name a New Expert to Testify on Market Efficiency be granted.

Dated: December 16, 2016

Respectfully submitted,

OHIO ATTORNEY GENERAL
MICHAEL DeWINE
Attorney General of Ohio
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
Telephone: (614) 387-5600
Facsimile: (614) 387-6697

*/s/ W.B. Markovits*
W.B. Markovits (0018514)
Joseph T. Deters (0012084)
Christopher D. Stock (0075443)
Terence R. Coates (0085579)
MARKOVITS, STOCK & DEMARCO, LLC
119 East Court Street, Suite 530
Cincinnati, Ohio 45202
Telephone: (513) 651-3700
Facsimile: (513) 665-0219
E-mail: bmarkovits@msdlegal.com
E-mail: cstock@msdlegal.com
E-mail: tcoates@msdlegal.com

*Special Counsel to the Attorney General of the State of Ohio and Lead Counsel for Lead Plaintiff*

*/s/ Richard S. Wayne*
Richard S. Wayne (0022390)
William K. Flynn (0029536)
Thomas P. Glass (0062382)
Stephen E. Schilling (0086897)
STRAUSS TROY CO., LPA
150 East Fourth Street

Cincinnati, Ohio 45202
Telephone: (513) 621-2120
Facsimile: (513) 629-9426
E-mail: rswayne@strausstroy.com
E-mail: wkflynn@strausstroy.com
E-mail: tpglass@strausstroy.com
E-mail: seschilling@strausstroy.com

*Special Counsel to the Attorney General of the State of Ohio*