PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, *etc.*, | CASE NO. 4:08CV0160 |
| Plaintiff, | |
| | JUDGE BENITA Y. PEARSON |
| v. | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, *etc.*, *et al.*, | |
| Defendants. | **MEMORANDUM OF OPINION** |

Having reviewed the record, the parties' briefs, and the applicable law, the Court granted Lead Plaintiff's Motion for Leave to Name a New Expert on Class Certification Issues and Submit Additional Expert Evidence on the Issue of Market Efficiency ([ECF No. 355](#)) during the Telephonic Status Conference held on March 20, 2017.[1] The Court enters the within Memorandum of Opinion to set forth the reasons for granting Lead Plaintiff leave to name a new expert on class certification, and allow that expert to submit additional expert evidence on the issue of market efficiency due to the unavailability of Plaintiff's prior expert.

---

[1] As a result, Lead Plaintiff shall serve and file a Renewed Motion for Class Certification, along with any supporting expert report, on or before June 19, 2017. *See* Order ([ECF No. 354](#)) at PageID #: 16011, ¶ 3.

(4:08CV0160)

Dr. Greg Hallman was originally retained by Lead Plaintiff's counsel to provide opinions on various economic matters in the case at bar, including market efficiency. In August 2012, Dr. Hallman finalized an expert report (ECF No. 199-10) providing his opinion on the efficiency of the market for Federal Home Loan Mortgage Corporation ("Freddie Mac") common stock during the class period of August 1, 2006 to November 20, 2007. The expert report was submitted in support of Lead Plaintiff's Motion for Class Certification (ECF No. 199). The Motion for Class Certification was subsequently denied without prejudice to refiling at a later date, if necessary. Non-document Order dated August 23, 2013.

In October 2014, the Court granted Defendants' motions to dismiss, concluding that Lead Plaintiff failed to show loss causation. Memorandum of Opinion and Order (ECF No. 330). In July 2016, the Court of Appeals for the Sixth Circuit reversed the Court's dismissal of the third amended complaint and remanded the case for further proceedings. *Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, 830 F.3d 376 (6th Cir. 2016).

When Dr. Hallman was contacted to re-engage regarding future work following the decision of the Sixth Circuit, he told Lead Plaintiff's counsel he was unavailable going forward. Declaration of W.B. Markovits (ECF No. 355-4) at PageID #: 16033, ¶ 3; Declaration of Dr. Greg Hallman (ECF No. 355-3) at PageID #: 16029, ¶ 3. Dr. Hallman's report on market efficiency (ECF No. 199-10) involved certain areas of judgment that, due to his unavailability, he will not be able to defend at any *Daubert* hearing, class certification hearing, or at trial. Indeed, Dr. Hallman has broken off communication with Lead Plaintiff's counsel. Declaration of W.B. Markovits (ECF No. 360-1) at PageID #: 17021, ¶ 4. According to Lead Plaintiff, a decision

(4:08CV0160)

from late 2013 also allowed substitution of another expert for Dr. Hallman for essentially the same reasons given in the case at bar. *See* Gulf Coat Shippers Ltd. Partnership v. DHL Exp. (USA), Inc., No. 2:09-cv-221, 2013 WL 5739781 (D. Utah Oct. 22, 2013). Dr. Hallman is unable – and no longer willing – to provide any expert assistance to Lead Plaintiff in the case at bar. Forcing Lead Plaintiff's counsel to work with an unwilling expert would be prejudicial to Lead Plaintiff and the class it seeks to represent.

No cutoff dates for expert disclosure have been missed; and no extension of the discovery schedule was sought by the within motion. Thus, this situation does not fall under the case law involving motions for substitution under Fed. R. Civ. P. 16(b). Courts addressing typical substitution of expert cases when a Rule 16 extension of schedule is necessary generally apply the "good cause" standard of Rule 16(b). *See* Whiteside v. State Farm Fire & Cas. Co., No. 11-10091, 2011 WL 5084981, at *1 (E.D. Mich. Oct. 26, 2011) ("Courts have consistently permitted the substitution of expert witnesses when unforeseen events render the original expert unavailable to testify at trial."). Defendants' main argument in this context is that Dr. Hallman is available and should be forced to defend his 2012 expert report. *See* Memorandum in Opposition (ECF No. 359) at PageID #: 16539-48.

In *Green v. City & Cty. of San Francisco*, No. 10-cv-02649-RS (MEJ), 2015 WL 1738025 (N.D. Cal. Apr. 8, 2015), the district court declined to apply the late disclosure rule to "the timely replacement of an expert due to the unavailability of the original expert." Similar to the case at bar, although the parties disclosed experts in 2011 prior to the district court ruling in

3

(4:08CV0160)

defendants' favor, Defendants' expert could no longer testify as their expert after the Ninth Circuit's reversal in 2015.

According to Defendants, *Comcast Corp. v. Behrend*, 133 S.Ct. 1426 (2013) changed the class certification standard and Lead Plaintiff must submit an expert report addressing these changes. Defendants' Submission in Support of Their Positions (ECF No. 350) at PageID #: 15987, 15993. The Supreme Court in *Comcast* stated courts must go beyond the pleadings to determine whether the Fed. R. Civ. P. 23(b)(3) predominance requirement has been satisfied, including whether damages can be provided for on a classwide basis and whether classwide damages theories are tied to the theory of liability. *Id.* at 1432-33. Lead Plaintiff agrees that to the extent *Comcast* suggests an expert opinion on the availability of a classwide damage calculation is appropriate, this piece of evidence – absent from the prior class certification motion (ECF No. 199) and expert report (ECF No. 199-10) – will have to be addressed by a new expert. Reply Memorandum (ECF No. 360) at PageID #: 17011.

Given the number of reported cases regarding market efficiency in securities cases since Dr. Hallman finalized his expert report (ECF No. 199-10) in August 2012, including *Halliburton Co. v Erica P. John Fund, Inc.*, 134 S.Ct. 2398 (2014) ("*Halliburton II*"), the Court granted Lead Plaintiff leave to offer a new expert opinion, reflecting the most current legal standards and tests as defended by their new expert, Dr. Steven P. Feinstein, for their Renewed Motion for Class Certification. In addition, "[e]ach party's expert(s) on class certification issues must make themselves available for deposition on or before twenty-one (21) days from the date their written

4

(4:08CV0160)

report is provided to opposing counsel." Order (ECF No. 354) at PageID #: 16012.  So, Defendants will have ample opportunity to conduct discovery based on a new report.

    IT IS SO ORDERED.

| | |
|---|---|
|  May 31, 2017 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |