

STRAUSS TROY
attorneys at law

RICHARD S. WAYNE
E-Mail: *rswayne@strausstroy.com*

Direct Dial: 513.629.9472
Direct Fax: 513.629.9426

September 1, 2017

Hon. Benita Y. Pearson
U.S. DISTRICT COURT – N.D. OHIO
313 Thomas D. Lambros
United States Federal Building and Courthouse
125 Market Street
Youngstown, OH  44503-1780

Re:    Ohio Public Employees Retirement System v. Federal Home Loan
      Mortgage Corporation, et al.
      Case No. 4:08-cv-160

Dear Judge Pearson:

We write pursuant to this Court's procedures and N.D. Ohio Local Rule 37.1 to request the Court's assistance in resolving a number of discovery disputes. OPERS' counsel have tried diligently for many months to resolve these disputes with opposing counsel, but have been unable to do so.  We, therefore, are certifying to the Court that we have made sincere, good faith efforts to resolve these disputes and are concerned that without timely Court intervention and resolution OPERS will be unable to obtain important and requested discovery within the current discovery schedule.

While counsel have generally had a good working relationship, OPERS has been met with denied or delayed discovery on a number of issues.  What follows is an overview.  OPERS can provide the Court more detail in both the history and substance of the disputes, including the dozens of emails and correspondence sent by OPERS' counsel in attempts to resolve these disputes.

### 30(b)(6) Depositions

Freddie Mac has failed to provide all the agreed 30(b)(6) deposition witnesses. OPERS sent a proposed notice listing topics on February 24, 2017, suggesting that 30(b)(6) depositions begin on April 3, 2017. Freddie Mac counsel objected and delayed, and after a protracted period Freddie Mac counsel agreed, on May 17, 2017, to a procedure by which they would provide live witnesses for certain 30(b)(6) topics and written responses for others.  As to the depositions, Freddie Mac agreed that the depositions would begin on July 13, 2017, to be concluded no later than August 18, 2017. Live witnesses were to be provided for topics 6, 7, part of 11, 12, 13, 14, 16 and 17.

To date, Freddie Mac has only offered three 30(b)(6) depositions covering 4 of the 8 topics agreed upon (Mr. Feigles – topics 11a and 12, taken on July 12; Ms. Herzog – topic no. 14, taken on July 28; and Mr. Brenneman – topic no. 13, to be taken on September 19).



Hon. Benita Y. Pearson
September 1, 2017
Page 2

OPERS has not received deponents or dates for half the topics, despite Freddie Mac's agreement, reached after much delay, to conclude all 30(b)(6) depositions by August 18th.

## Fact Witnesses

Freddie Mac has failed to provide dates for the fact witness depositions. OPERS began with 30(b)(6) depositions in an effort to try and complete these depositions before beginning fact witness depositions. When it became apparent this was not going to happen, OPERS' counsel sent Freddie Mac, on May 30, 2017, a list of 22 current or former Freddie Mac employees we wish to depose. We asked to schedule 4 to 5 a month beginning in July, ending with the four (4) individual defendants in November, and requested some "block booking" of depositions in the same week for efficient travel. To date, and despite repeated assurances by Freddie Mac counsel that the depositions would be scheduled, Freddie Mac has provided the following dates for only 7 of the 22 requested witnesses:  Mullings (Aug. 23rd); Tsien (Aug. 30th); Cotton (Sept. 6th); Zhou (Sept. 14th); Brenneman (Sept. 19th); Sharathchandra (Oct. 5th); and Straka (Oct. 12th).

## 30(b)(6) Written Responses

Freddie Mac has failed to provide answers to clarifying questions about written testimony. By agreement of the parties on May 17, 2017, Freddie Mac was supposed to provide written testimony on certain topics no later than June 16, 2017.  On June 14, 2007, Freddie Mac counsel said they would not be able to make that deadline and proposed a rolling production beginning the following week and ending in two weeks. We received nothing the following week. On June 30th, we received responses to some of the topics, with assurances that the remaining four topics would be forwarded soon.  On July 13, 2017, Freddie Mac counsel wrote that they expected to provide final written responses the following week. That week passed and the remaining responses were finally served August 4, 2017. The written responses were in many cases unclear or incomplete. The parties' agreement allowed OPERS to ask clarifying questions, which it sent on August 7, 2017. Freddie Mac's counsel objected to the clarifying questions, and to date OPERS has received no further response regarding when they would provide responses to the clarifying questions.

## Electronic Discovery

Freddie Mac has failed to provide sufficient electronic discovery. In 2008, Freddie Mac produced what OPERS considers an electronic data dump consisting of roughly 80 million pages. The data was not produced pursuant to the ESI parameters requested, or the Northern District of Ohio ESI protocol, and is critically deficient. Since discovery resumed in late 2016, OPERS' counsel has repeatedly pointed out those deficiencies and asked for them to be corrected.  Freddie Mac blamed OPERS' technical consultant for the problems. To address this allegation, OPERS hired an ESI consulting firm, DSi. This firm undertook a separate analysis of the ESI produced by Freddie Mac, and concluded as follows:


STRAUSS TROY
attorneys at law

Hon. Benita Y. Pearson
September 1, 2017
Page 3

- the ESI has not been produced as requested nor as is typical, and for that reason is of limited use;

- the ESI could not have been produced as kept in the ordinary course of business; and

- the issues with the ESI could not have been caused by the technical personnel used by OPERS.

Following that analysis, and given an apparent impasse, on June 23, 2017, OPERS' counsel made a final request:  either 1) produce a usable database pursuant to normal ESI protocols, or 2) produce documents responsive to all document requests, with specific identification of the responsive documents. We indicated that absent Freddie Mac's agreement to one of those alternatives we would have no choice but to seek the Court's assistance to resolve this issue.  In response, on June 29, 2017, Freddie Mac proposed that it would provide within 3 to 4 weeks a "metadata overlay" that would correct the problems with Freddie Mac's production. A little over five weeks later, on August 7, 2017, Freddie Mac produced the metadata overlay. It fixed little to none of the critical problems.

Here is a simple example of the type of problem caused by the ESI production.  Out of the approximately 2.6 million documents originally produced, 32% have no form of metadata date. Of the documents missing dates, almost 60% are emails - all of which should have a date. The metadata overlay "correction" did not fix this issue. The documents without any form of metadata date went from 32% without the overlay to 31% with the overlay.  Any search that is based in part on date would be missing almost one-third (1/3) of potential results.  As a result, OPERS' counsel cannot perform basic searches that would normally be done.  For example, a typical search in this case might be for all emails sent by Mr. Syron from November 1, 2007 to November 20, 2007.   The results of that search would miss at least a third of responsive documents.

## Document Requests

Freddie Mac's failure to provide sufficient electronic discovery has been compounded by its failure to provide documents in response to OPERS' discovery requests. For example, when discovery was stayed in this case in 2013 OPERS had pending its third request for production of documents to Freddie Mac.  When the stay was lifted on September 9, 2016, Freddie Mac's counsel requested and OPERS agreed to two requests for 30-day extensions to respond. When Freddie Mac finally did respond on February 8, 2017, it did not produce a single document. Freddie Mac and its counsel stated that the "vast majority" of responsive documents could be found in the prior ESI production. Freddie Mac did not (and in fact refused to) identify responsive documents by bates numbers. It simply pointed to the 80 million plus pages previously produced and said "it's in there." That might be appropriate if the ESI production were as kept in the ordinary course of business and included the requisite metadata to find the responsive documents, but it was not and does not.



Hon. Benita Y. Pearson
September 1, 2017
Page 4

**Requested Relief**

As a result of the foregoing issues, OPERS requests that Freddie Mac be required to:

- Identify within 10 days deponents and dates for the remaining four 30(b)(6) topics for which live testimony was agreed upon, with those depositions to be concluded no later than September 30, 2017;

- Identify within 10 days deponents and dates for the remaining fact witnesses, scheduling if at all possible at least two depositions, separated by one or no days, in any week, with the four individual defendants scheduled for the last depositions in November;

- Provide within 10 days the clarifying responses to Freddie Mac's prior 30(b)(6) responses;

- Provide, within 30 days, an ESI production that complies with the Northern District of Ohio ESI protocol, or in the alternative;

- Provide, within 30 days, the bates numbers for the documents responsive to each of OPERS' document requests.

OPERS regrets that it has to bring these matters to the Court's attention, but OPERS believes it would be unduly prejudiced if Freddie Mac is allowed to continue its current discovery course.

Respectfully yours,


MARKOVITS, STOCK & DEMARCO, LLC          STRAUSS TROY

/s/ W.B. Markovits                       /s/ Richard S. Wayne
W. B. Markovits                          Richard S. Wayne

*On Behalf of Plaintiff OPERS*


Cc:    All Counsel (via ECF)
RSW/fmt
045688.958.12304523_1.docx

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed electronically with the U.S. District Court this 1st day of September, 2017.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. If a party is not given notice electronically through the Court's system a copy will be served by ordinary United States mail, first class postage prepaid, this 1st day of September, 2017.


/s/ Richard S. Wayne
Richard S. Wayne (0022390)