UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, On Behalf of Itself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION a/k/a FREDDIE MAC, RICHARD F. SYRON, PATRICIA L. COOK, ANTHONY S. PISZEL, and EUGENE M. McQUADE,<br><br>Defendants. | Civil Action No. 4-08-cv-160<br><br>Judge Benita Y. Pearson |

**DEFENDANT EUGENE MCQUADE'S OPPOSITION TO LEAD PLAINTIFF'S
<u>RENEWED MOTION FOR CLASS CERTIFICATION</u>**

Defendant Eugene M. McQuade hereby opposes Lead Plaintiff's Renewed Motion for

Class Certification.  Instead of burdening this Court with duplicative filings, Mr. McQuade

incorporates by reference the substance of the arguments made in Defendant Freddie Mac's

Memorandum of Law in Opposition to Lead Plaintiff's Motion for Class Certification, to be filed

on this date.

In particular, Mr. McQuade highlights that Lead Plaintiff has failed to meet its burden

under Rule 23(b)(3) of demonstrating that common questions predominate over individual

questions because it has not shown that Freddie Mac's common stock traded in an efficient

market throughout the class period – a prerequisite for invoking a class-wide presumption of

reliance under the fraud on the market theory.  *See, e.g.*, *In re Freddie Mac Sec. Litig.*, 281

F.R.D. 174 (S.D.N.Y. 2012) (denying motion for class certification where plaintiff's expert

failed to demonstrate a cause-and-effect relationship between Freddie Mac's disclosures and stock price as required to prove market efficiency, among other deficiencies also present here). Moreover, Lead Plaintiff has utterly failed to identify a method by which it can possibly measure damages on a class-wide basis in a manner consistent with its theory of liability, as required by *Comcast Corp. v. Behrend*, 133 S.Ct. 1426 (2013). For these reasons and each of the additional, independent reasons set forth in Freddie Mac's opposition brief, Lead Plaintiff cannot survive the "rigorous analysis" demanded by the Supreme Court before certifying a class. *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011).

Accordingly, Lead Plaintiff's Renewed Motion for Class Certification should be denied in its entirety, with prejudice.

Dated: September 1, 2017        Respectfully submitted,


/s/ Joseph C. Weinstein
Joseph C. Weinstein (0023504)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio  44114-1304
Phone: (216) 479-8500
Fax: (216) 479-8780
joe.weinstein@squirepb.com


Andrew J. Levander
Dechert LLP
1095 Avenue of the Americas
New York, New York  10036-6797
andrew.levander@dechert.com
Phone: (212) 698-3683
Fax: (212) 698-3599
andrew.levander@dechert.com

Michael S. Doluisio
Dechert LLP
2929 Arch St.
Philadelphia, PA 19104
Phone: (215) 994-2139
Fax: (215) 655-2139
Michael.doluisio@dechert.com

*Attorneys for Defendant Eugene McQuade*

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2017 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties listed on the Court's electronic filing system.  Parties may access this filing through the Court's system.

> *s/ Joseph C. Weinstein*
> *One of the Attorneys for Defendant*
> *Eugene McQuade*