## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, On Behalf of Itself and all Others Similarly Situated, | ) ) ) ) CIVIL ACTION NO. 4:08-CV-00160 |
| Plaintiff, | ) ) JUDGE BENITA Y. PEARSON |
| v. | ) ) MAGISTRATE JUDGE ) WILLIAM H. BAUGHMAN, JR. |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, a/k/a FREDDIE MAC, RICHARD F. SYRON, PATRICIA L. COOK, ANTHONY S. PISZEL AND EUGENE M. McQUADE, | ) ) **JOINT NOTICE REGARDING** ) ***DAUBERT* HEARING AND ORAL** ) **ARGUMENT REGARDING LEAD** ) **PLAINTIFF'S RENEWED MOTION** ) **FOR CLASS CERTIFICATION** |
| Defendants. | ) |

This Court's Order entered on December 5, 2016 (ECF No. 354) provided in part that: "Within seven (7) days after Defendants filed their memorandum in opposition [to Plaintiff's Renewed Motion for Class Certification], the parties shall file a Joint Notice regarding the necessity of a *Daubert* hearing and/or an oral hearing on Lead Plaintiff's Renewed Motion for Class Certification."  In accordance with the Order, counsel for Lead Plaintiff, Ohio Public Employees Retirement System ("Lead Plaintiff"), Defendants, Federal Home Loan Mortgage Corporation, Richard F. Syron, Patricia L. Cook, Anthony S. Piszel, and Eugene M. McQuade conferred regarding the need for a *Daubert* hearing and/or oral argument.  The parties did not reach agreement on how best to proceed, and set forth their respective positions as follows:

*Lead Plaintiff's Position*: Lead Plaintiff believes that after the completion of the briefing on Lead Plaintiff's Renewed Motion for Class Certification (the "Renewed Motion") the Court should schedule an oral hearing on the Renewed Motion.  Following that hearing, the Court can determine whether a *Daubert* hearing is necessary. It is Lead Plaintiff's position that a *Daubert*

DB3/ 201580265

hearing is not necessary and that the evidence and support that has been presented, and that will be included in Lead Plaintiff's Reply Memorandum and Rebuttal Report of Dr. Feinstein (if one is allowed), will provide a sufficient basis for granting class certification in this case.

After Lead Plaintiff provided its position to Defendants, Defendants memorialized their position below, which includes not only their position but argument relating to Lead Plaintiff's position.  A brief response is necessary.  Both cases cited by Defendants regarding the need for a *Daubert* hearing stand for the proposition that a *Daubert* hearing should be held "if necessary" where it is "critical to class certification."  *See Reynaldo Reyes on Behalf of Himself v. Zions First National Bank*, 2016 WL 913099 (E.D. Pa. March 9, 2016), *quoting Blood Reagents*, 783 F.3d at at 188 (*Blood Reagents* "directs a district court faced with a challenge to expert testimony at the class certification stage to determine which "reliability attacks, if any, challenge those aspects of plaintiffs' expert testimony offered to satisfy Rule 23 and then, if necessary, to conduct a Daubert inquiry before assessing whether the requirements of Rule 23 have been met.").  Plaintiffs position is that Defendants' fail to challenge the portions of Professor Feinstein's testimony that are themselves sufficient to support class certification, and therefore no *Daubert* hearing will be necessary.  Of course, the Court can make that determination after hearing the arguments to that effect.

With regard to a rebuttal report, Lead Plaintiffs intend to file a motion on Monday requesting such a report, for reasons that will be set forth in the context of that motion.

***Defendants' Position***:  Lead Plaintiff's Renewed Motion fundamentally relies on the opinions and anticipated testimony of Lead Plaintiff's sole expert, Dr. Steven Feinstein, regarding market efficiency and damages.  *See* ECF No. 372.  If Dr. Feinstein's opinions are excluded, Lead Plaintiff's Renewed Motion should be denied.  Defendants anticipate that they

will file a *Daubert* motion regarding the admissibility of the opinions and testimony of Dr. Feinstein following the close of briefing on Lead Plaintiff's Renewed Motion.  Defendants respectfully request that a hearing be held on its *Daubert* motion following the close of briefing on that motion, including live testimony from the parties' designated experts and oral argument on any pending *Daubert* motions and Lead Plaintiff's Renewed Motion.  Defendants believe that the credibility of the parties' experts bears directly on this Court's consideration of Lead Plaintiff's Renewed Motion, that oral argument will be helpful to the Court, given the nature of the issues relating to statistical testing of market efficiency and the calculation of damages in this putative securities class action, and that a single hearing on these overlapping motions is the most customary, appropriate and efficient means by which to address these issues.

Lead Plaintiff proposes that the Court put the cart before the horse, which the law does not permit.  Indeed, it is reversible error to adjudicate class certification prior to addressing a *Daubert* challenge to expert testimony offered to satisfy the requirements of Rule 23.  *See In re Blood Reagents Antitrust Litig.*, 783 F.3d 183, 187 (3d Cir. 2015) (vacating grant of class certification motion where *Daubert* challenge to expert testimony was not decided prior to adjudication of class certification motion); *see also Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811-14 (7th Cir. 2012) ("When an expert's report or testimony is critical to class certification, we have held that a district court must make a conclusive ruling on any challenge to that expert's qualifications or submissions before it may rule on a motion for class certification.").  Further, Lead Plaintiff's proposed procedure – that a *Daubert* hearing take place after a hearing on its Renewed Motion – runs counter to standard practice and makes no logical sense.  There is no point in this Court adjudicating a motion that depends on expert testimony *before* holding a hearing on the very issue of whether that expert testimony is sufficiently

- 3 -

reliable for the Court to consider.  Lead Plaintiff's proposal likewise makes no sense as it may result in the Court holding two separate hearings on two separate dates where the issues can, and should, be resolved in one proceeding.

Turning briefly to Lead Plaintiff's reference to a rebuttal report, it is Defendants' position that Lead Plaintiff should not be allowed to submit a rebuttal report from Dr. Feinstein. This Court's prior orders make clear that the parties cannot submit expert rebuttal reports without leave of Court (ECF No. 354) ("No expert rebuttal report on class certification will be allowed absent prior leave of Court.").  OPERS has not moved for leave to submit a rebuttal report, and it identifies no reason that would support such leave.  This Court already has allowed OPERS to submit a second expert report on class certification issues when it permitted OPERS to insert a new expert, Dr. Feinstein, to replace its prior expert, Dr. Hallman, who had previously submitted his own report on OPERS's behalf.

**OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM**

By its attorneys,

OHIO ATTORNEY GENERAL
MICHAEL DeWINE
Attorney General of Ohio
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
Telephone: (614) 387-5600
Facsimile: (614) 387-6697

**FEDERAL HOME LOAN MORTGAGE CORPORATION**

By its attorneys,

 */s/ Hugh E. McKay*
Hugh E. McKay (0023017)
PORTER WRIGHT MORRIS & ARTHUR LLP
950 Main Avenue, Suite 500
Cleveland, OH 44113
Tel:  (216) 443-2580
Fax:  (216) 443-9011
E-mail: hmckay@porterwright.com

DB3/ 201580265

- 4 -

Jordan D. Hershman
Jason D. Frank
William R. Harb
Emily E. Renshaw
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA  02110-1726
Tel: (617) 951-8455
Fax: (617) 951-8736
E-mail: jordan.hershman@morganlewis.com
E-mail: jason.frank@morganlewis.com
E-mail: william.harb@morganlewis.com
E-mail: emily.renshaw@morganlewis.com

 */s/ W.B. Markovits*
W.B. Markovits (0018514)
Christopher D. Stock (0075443)
Louise M. Roselle (0014844)
MARKOVITS, STOCK & DEMARCO, LLC
119 East Court Street, Suite 530
Cincinnati, Ohio 45202
Tel:  (513) 651-3700
Email: bmarkovits@msdlegal.com
Email: cstock@msdlegal.com
E-mail: lroselle@msdlegal.com


 */s/ Richard S. Wayne*
Richard S. Wayne (0022390)
William K. Flynn (0029536)
Thomas P. Glass (0062382)
Stephen E. Schilling (0086897)
STRAUSS TROY CO., LPA
150 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 621-2120
Facsimile: (513) 629-9426
E-mail: rswayne@strausstroy.com
E-mail: wkflynn@strausstroy.com
E-mail: tpglass@strausstroy.com
E-mail: seschilling@strausstroy.com

**RICHARD F. SYRON**

By his attorneys,


 */s/ Frank R. Volpe*
Thomas C. Green
Mark D. Hopson
Frank R. Volpe
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC  20005
Tel:   (202) 736-8000
Fax:  (202) 736-8711
E-mail:  tcgreen@sidley.com
E-mail:  mhopson@sidley.com
E-mail:  fvolpe@sidley.com

John C. Fairweather (0018216)
Lisa S. DelGrosso (0064938)
Kerri L. Keller (0075075)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio  44311
Tel:   (330) 535-5711
Fax:  (330) 253-8601
E-mail:  jfairweather@brouse.com
E-mail:  ldelgrosso@brouse.com
E-mail:  kkeller@brouse.com

DB3/ 201580265

**PATRICIA L. COOK**

By her attorneys,


 */s/ Carl S. Kravitz*
John C. Fairweather (0018216)
Lisa S. DelGrosso (0064938)
Kerri L. Keller (0075075)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio  44311
Tel:   (330) 535-5711
Fax:  (330) 253-8601
E-mail:  jfairweather@brouse.com
E-mail:  ldelgrosso@brouse.com
E-mail:  kkeller@brouse.com

Carl S. Kravitz
Adam L. Fotiades
ZUCKERMAN SPAEDER LLP
1800 M Street N.W., Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
E-mail: ckravitz@zuckerman.com
E-mail: afotiades@zuckerman.com


**ANTHONY S. PISZEL**

By his attorneys,


 */s/ James K. Goldfarb*
Joseph C. Weinstein (0023504)
Steven A. Delchin (0068276)
SQUIRE SANDERS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, OH  44114-1304
Tel:   (216) 479-8500
Fax:  (216) 479-8780
E-mail:  joe.weinstein@squirepb.com
E-mail: steven.delchin@squirepb.com

James K. Goldfarb
Michael V. Rella
MURPHY & MCGONIGLE, P.C.
1185 Avenue of the Americas, 21st Floor
New York, NY  10036
Tel:    (212) 880-3961
E-mail:  jgoldfarb@mmlawus.com
E-mail: mrella@mmlawus.com

William E. Donnelly
MURPHY & MCGONIGLE, P.C.
1001 G Street, N.W.
Seventh Floor
Washington, DC 20001 Tel:   (202) 661-7000
Fax:  (202) 661-7059
E-mail:  william.donnelly@mmlawus.com


**EUGENE M. MCQUADE**

By his attorneys,


 */s/ Michael S. Doluisio*
Joseph C. Weinstein (0023504)
Steven A. Delchin (0068276)
SQUIRE SANDERS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, OH  44114-1304
Tel:   (216) 479-8500
Fax:  (216) 479-8780
E-mail:  joe.weinstein@squirepb.com
E-mail: steven.delchin@squirepb.com

Andrew J. Levander
DECHERT LLP
1095 Avenue of the Americas
New York, NY  10036-6797
Tel:   (212) 698-3683
Fax:  (212) 698-3599
E-mail:  andrew.levander@dechert.com

Michael S. Doluisio
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
Tel:   (215) 994-2139
Fax:  (215) 655-2139
E-mail:  michael.doluisio@dechert.com

Dated:  September 8, 2017

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2017, a copy of the foregoing "JOINT NOTICE REGARDING DAUBERT HEARING AND ORAL ARGUMENT REGARDING LEAD PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION" was filed electronically. Notice of this filing will be sent by operation of the Court's CM/ECF system to all parties indicated on the electronic filing receipt.  This filing may be accessed through the Court's CM/ECF system.

*/s/ Hugh E. McKay*
Hugh E. McKay