UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, *etc.*, : : : : Plaintiff, : : vs. : : FEDERAL HOME LOAN MORTGAGE CORPORATION, *etc., et al.*, : : Defendants. : : : | Civil Action No. 4:08-cv-160 JUDGE BENITA Y. PEARSON MAGISTRATE JUDGE WILLIAM H. BAUGHMAN, JR. |

**LEAD PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION
TO EXCLUDE THE EXPERT TESTIMONY OF DR. PAUL GOMPERS**

**I.      INTRODUCTION AND BACKGROUND**

Expert opinions that are based on erroneous legal standards must be excluded as irrelevant, unhelpful, confusing, and unfairly prejudicial.  Fed. R. Evid. 702; *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.,* 523 F.3d 1051, 1059 (9th Cir. 2008).  Such testimony is not only "superfluous" but "mischievous."  *Nationwide,* 523 F.3d at 1059. The proffered expert testimony of Dr. Paul Gompers is contrary to the legal standard enunciated in *Comcast* and therefore should be excluded. *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013).

Since *Comcast*, and as discussed in more detail below, Dr. Gompers has made essentially the same argument in eleven other cases: *Comcast* "requires" a plaintiff expert to provide details regarding how his or her damage analysis will address potential damage calculation issues. In ten

1

of those cases, Dr. Gompers's *Comcast* arguments were rejected; in the eleventh, the parties settled with classwide damages. Dr. Gompers freely admitted in deposition that he did not read any of those decisions rejecting his *Comcast* analysis, that "what a court rules will not affect" his opinion, that his opinions are based on the "standards in financial economics," and that his "opinions aren't based on any legal standard." (Doc. 406-5, Gompers Depo. at 180:16-181:17, and attached Declaration of W. B. Markovits, Exh. 1).

Dr. Gompers's admissions illustrate precisely why his opinions must be rejected. His use of the standards of financial economics is contrary to the use of *legal* standards under *Comcast* as applied in the Sixth Circuit and elsewhere. In a similar context addressing market efficiency, a court rejected Dr. Gompers's opinion as relying on "factors that are not legally relevant" and stated, "This does not mean that Defendants (or their expert, Paul Gompers) are incorrect in what they say—it means that Defendants (and their expert) often describe a different conception of an efficient market than is used by the law." *Lumen v. Anderson*, 280 F.R.D. 451, 460 (W.D. Mo. 2012). Because it is based on an erroneous legal standard, the opinion of Dr. Gompers should be excluded.

## II.     LEGAL STANDARD FOR EXCLUSION

The application of legally incorrect assumptions does not simply affect the *weight* of the proffered expert testimony, it affects the fundamental *admissibility* of the opinion in its entirety. Because Fed. R. Evid. 702 requires that an expert's opinion be helpful and reliable, expert testimony that is built on a faulty legal standard must be excluded. *See, e.g., Nationwide*, 523 F.3d at 1059; *In re Welding Fume Prod.*, No. 1:03-CV-17000, 2005 WL 1868046, at *7–8 (N.D. Ohio Aug. 8, 2005) (holding that expert testimony contrary to the applicable legal standard inadmissible); *Sys. Dev. Integration, LLC v. Computer Scis. Corp.*, 886 F. Supp. 2d 873, 879 (N.D.

Ill. 2012) (same); *In re Novatel Wireless Sec. Litig.*, 846 F. Supp. 2d 1104, 1107–08 (S.D. Cal. 2012) (holding that defense expert testimony on loss causation was inadmissible as contrary to legal standard).

### III. DR. GOMPERS USES AN IMPROPER LEGAL STANDARD REGARDING THE REQUIREMENTS OF *COMCAST*

Dr. Gompers has raised nearly identical *Comcast*-related arguments in eleven cases. (Doc. 406-4, and attached Declaration of W. B. Markovits, Exh. 2) (Gompers report excerpts). These opinions have been rejected in ten of those cases, including two within the Sixth Circuit, with certification of the class in each generally based upon *Comcast*-related plaintiff expert opinions similar to Professor Feinstein's. <u>No</u> court has ever accepted Dr. Gompers's opinions about supposed *Comcast* requirements. *See Willis v. Big Lots, Inc.*, 2017 WL 1074048, at * 6 (S.D. Ohio 2017) (rejecting argument); *Kasper v. AAC Holdings, Inc.*, No. 15-CV-00923-JPM-JSF, 2017 WL 3008510, at *14 (M.D. Tenn. July 14, 2017) (same); *In re NII Holdings, Inc. Sec. Litig.*, 311 F.R.D. 401, 413–14 (E.D. Va. 2015) (same); *La. Mun. Police Emp. Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-CV-289, 2017 WL 3149424, at *7 (D. Vt. July 21, 2017) (same); *Carpenters*, 310 F.R.D. at 99 (holding that plaintiffs survive the "minimal scrutiny required under *Comcast*"); *In re Goldman Sachs*, 2015 WL 5613150 at *7–8 (defendants misapply *Comcast*); *Petrobas*, 312 F.R.D. at 372 (rejecting Gompers' *Comcast* argument); *In re Montage Tech. Grp. Ltd. Sec. Litig.*, No. 14-CV-00722-SI, 2016 WL 1598666, at *13 (N.D. Cal. Apr. 21, 2016) (same); *Hayes v. MagnaChip Semiconductor Corp.*, No. 14-CV-01160-JST, 2016 WL 7406418, at *9–10 (N.D. Cal. Dec. 22, 2016) (same); *Hatamian v. Advanced Micro Devices, Inc.,* No. 14-CV-00226 YGR, 2016 WL 1042502, at *8 (N.D. Cal. Mar. 16, 2016) ("However, Defendants construe *Comcast* too broadly."); *Luna v. Marvell Tech. Grp., Ltd.*, No. 15-05447-WHA (N.D. Cal. October 27, 2017). The eleventh case—the only one where Dr. Gompers' erroneous opinion was not directly rejected—settled for $33 million before an opinion on the issue was rendered. *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, No. 1:12-cv-01203-VEC (S.D.N.Y.).

3

The recent decision in the *Luna* case is a good illustration of the deficiencies in Dr. Gompers's approach, and why his opinion should be also excluded in the present case. In *Luna*, Professor Feinstein issued a report that, like his report in this case, primarily dealt with market efficiency but stated at the end that a common damage methodology calculating out-of-pocket damages based on inflation could be utilized on a classwide basis. *Luna v. Marvell Tech. Grp. Ltd.*, No. 15-05447-WHA, Doc. 160-2, ¶¶ 170-175 (N.D. Cal. August 2, 2017), and attached Declaration of W. B. Markovits, Exh. 3. Dr. Gompers issued a report attacking that opinion as too "generic" and stating that Professor Feinstein failed to provide sufficient detail of how he would measure the declines caused by the corrective disclosures, how he would measure the effect of a materialization of a risk, and how he would separate out unrelated information—the same arguments he makes in his present opinion. *Id.,* Doc. 180-2 (N.D. Cal. September 7, 2017), and attached Declaration of W. B. Markovits, Exh. 4; (*cf.* Doc. 383-3, ¶¶ 10-13, and attached Declaration of W. B. Markovits, Exh. 5). The Court granted class certification, holding in part that defendants and Dr. Gompers "misperceive[] the holding of *Comcast*." *Id.,* Doc. 202 (N.D. Cal. October 27, 2017), at 9. The court noted that Dr. Gompers' contention that Professor Feinstein has not shown how he will disaggregate inflation attributable to confounding events is an improper inquiry into loss causation. *Id., citing Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804 (2011).

If *Luna* was the first court to reject Dr. Gompers' incorrect standard for compliance with *Comcast* one might excuse his opinion as attributable to a simple misunderstanding. But Dr. Gompers' *Comcast* opinions have been rejected by court after court. Couple this with his willful ignorance of these opinions, and indeed, his total disregard for the legal standard in favor of his supposed economic standard, and the exclusion of Dr. Gompers' opinion as irrelevant, unhelpful, confusing, and unfairly prejudicial is warranted. (Doc. 406-5, Gompers Depo. at 180:16 – 181:17, and attached Declaration of W. B. Markovits, Exh. 1.)

4

## IV. CONCLUSION

For the foregoing reasons, OPERS's motion to exclude the purported expert testimony of Paul Gompers should be granted.

Dated: February 12, 2018

Respectfully submitted,

OHIO ATTORNEY GENERAL
MICHAEL DeWINE
Attorney General of Ohio
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
Telephone: (614) 387-5600
Facsimile: (614) 387-6697

*/s/ W.B. Markovits*
W.B. Markovits (0018514)
Joseph T. Deters (0012084)
Christopher D. Stock (0075443)
Terence R. Coates (0085579)
MARKOVITS, STOCK & DEMARCO, LLC
3825 Edwards Road, Suite 650
Cincinnati, Ohio 45209
Telephone: (513) 651-3700
Facsimile: (513) 665-0219
E-mail: bmarkovits@msdlegal.com
E-mail: jdeters@msdlegal.com
E-mail: cstock@msdlegal.com
E-mail: tcoates@msdlegal.com

*Special Counsel to the Attorney General of the State of Ohio and Lead Counsel for Lead Plaintiff*

*/s/ Richard S. Wayne*
Richard S. Wayne (0022390)
William K. Flynn (0029536)
Stephen E. Schilling (0086897)
STRAUSS TROY CO., LPA
150 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 621-2120
Facsimile: (513) 629-9426
E-mail: rswayne@strausstroy.com
E-mail: wkflynn@strausstroy.com

E-mail: seschilling@strausstroy.com

*Special Counsel to the Attorney*
*General of the State of Ohio*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2018, a copy of the foregoing "LEAD PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE THE EXPERT TESTIMONY OF DR. PAUL GOMPERS" was filed electronically. Notice of this filing will be sent by operation of the Court's CM/ECF system to all parties indicated on the electronic filing receipt. This filing may be accessed through the Court's CM/ECF system.

*/s/ W.B. Markovits*
W.B. Markovits (0018514)
