**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, On Behalf of Itself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION a/k/a FREDDIE MAC, RICHARD F. SYRON, PATRICIA L. COOK, ANTHONY S. PISZEL, and EUGENE M. McQUADE,<br><br>Defendants. | CIVIL ACTION NO. 4:08-CV-00160 |

**DEFENDANT FREDDIE MAC'S OPPOSITION TO LEAD PLAINTIFF'S MOTION TO EXCLUDE THE EXPERT TESTIMONY OF DR. PAUL GOMPERS**

## PRELIMINARY STATEMENT

Lead Plaintiff Ohio Public Employees Retirement System's ("OPERS") motion to exclude the testimony of Dr. Paul Gompers is nothing more than an impermissible effort to advance arguments in support of its motion for class certification. OPERS does not, and cannot, assert that Dr. Gompers's opinions are subject to exclusion as unreliable under the Supreme Court's ruling in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993) (as codified in Fed. R. Evid. 702). Indeed, OPERS makes no mention of this reliability standard, fails to even cite *Daubert* in its brief, and, tellingly, offers no criticism as to the sufficiency of the facts and data upon which Dr. Gompers relies, the reliability of the principles and methods Dr. Gompers employs, or his application of those principles and methods to the facts of this case. That is because Dr. Gompers's opinions satisfy the *Daubert* standard for reliability.

As set forth in *Comcast Corporation v. Behrend*, 569 U.S. 27 (2013) and its progeny, to obtain class certification, a securities plaintiff must make a showing that damages may be calculated on a class-wide basis pursuant to a common methodology consistent with its theory of liability. Where the plaintiff makes no such showing, courts have denied class certification. *See infra* 4-5 (citing cases). In an attempt to satisfy the *Comcast* requirement, OPERS retained Dr. Steven Feinstein, who vaguely described various techniques he believes he could use to calculate damages. ECF No. 372-3 (Feinstein Report) at 41-45. In his report and at deposition, Dr. Gompers criticized Dr. Feinstein's vague description, identifying various ways in which Dr. Feinstein failed to identify a common methodology for calculating damages consistent with OPERS's theory of liability in this case. ECF No. 383-3 (Gompers Report). Rather than make any effort to suggest that Dr. Gompers's opinions were unreliable, OPERS argues that Dr. Gompers's opinions are not helpful to the Court because they are predicated on an "incorrect

legal standard." OPERS is wrong. Dr. Gompers's opinions are directly relevant to whether OPERS has satisfied its burden under *Comcast*.

**ARGUMENT**

**I. DR. GOMPERS'S OPINIONS ARE RELIABLE UNDER *DAUBERT* AND RULE 702.**

Dr. Gompers's report and testimony fully satisfy the tests of reliability set forth in *Daubert* and now codified in Fed. R. Evid. 702. Tellingly, OPERS does not challenge Dr. Gompers's qualifications, his methodologies, or any of the economic principles upon which he bases his opinions. In fact, while OPERS makes a mere mention of *Daubert* in its motion, OPERS does not cite it once in its memorandum of law, let alone attempt to apply it to Dr. Gompers's opinions. In short, OPERS does not contest that Dr. Gompers's testimony is based on reliable principles of financial economics, which he reliably applied in this case.

OPERS has not identified a single flaw in Dr. Gompers's report, because there is none. OPERS does not dispute that Dr. Gompers is eminently qualified to offer opinions on damages. He is the Eugene Holman Professor of Business Administration at the Harvard Business School. Dkt. No. 383-3 (Gompers Report) at Appendix A. Dr. Gompers obtained a Ph.D. in Economics from Harvard University and a Masters of Science in Economics from Oxford University. *Id.* He has co-authored and published four books and 29 referenced journal articles in the field of business economics, and has served as an associate editor and/or referee for six different academic journals. *Id.*

Further, Dr. Gompers's opinions rest on bedrock principles of economics, which are thoroughly cited throughout his report, and his opinions are fully supported by the factual analysis set forth in his report. Dr. Gompers's opinions are reliable under *Daubert*, and OPERS does not, because it cannot, argue otherwise.

## II. DR. GOMPERS'S OPINIONS ARE RELEVANT TO OPERS'S BURDEN TO SATISFY THE *COMCAST* REQUIREMENT.

In *Comcast*, the Supreme Court held that the predominance requisites of Rule 23(b)(3) apply with equal force to a class action plaintiff's proposed method of calculating damages, requiring plaintiffs to establish through "evidentiary proof" that their alleged damages are measurable "on a class-wide basis" through the use of a "common methodology." *Comcast*, 569 U.S. at 33. The Court in *Comcast* stressed that plaintiffs' proposed damages methodology may not be "speculative" or "arbitrary," which effectively would "reduce Rule 23(b)(3)'s predominance requirement *to a nullity*." *Id.* at 35-36 (emphasis added). OPERS's approach in this case is that the *Comcast* requirement is essentially "a nullity," and that this Court should not only reject Dr. Gompers's opinions, which are indisputably reliable, but also exclude them entirely.

OPERS's argument that Dr. Gompers's opinions should be excluded because they are somehow based on an erroneous legal standard is without basis. OPERS does not identify any erroneous legal standard on which Dr. Gompers's opinions are based, either by citation to or quotation from Dr. Gompers's report or deposition testimony. In fact, Dr. Gompers's only statement that approaches an articulation of the relevant legal standard regarding damages methodologies is *entirely consistent* with and, in fact, mirrors the Supreme Court's mandate in *Comcast*.

Specifically, in his report, Dr. Gompers states: "I understand that Plaintiff is required to articulate a methodology for calculating damages class-wide and in a manner consistent with Plaintiff's theory of liability." ECF No. 383-3 (Gompers Report) at 22. This is precisely the requirement the Supreme Court articulated in *Comcast*. As it stated: "at the class-certification stage . . . any model supporting a plaintiff's damages case must be consistent with its liability

case . . . ." *Id.* at 35 (quotation omitted).

Dr. Gompers's opinions are eminently relevant to whether Dr. Feinstein satisfied this requirement. As courts have held, when a class plaintiff presents a damages model that is vague, indefinite, and unspecific, or simply asserts (as did Dr. Feinstein) that there are unspecified "tools" available to measure damages, the model amounts to "no damages model at all," and the class cannot be certified. *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 552 (C.D. Cal. 2014) ("Although the methodologies he describes may very well be capable of calculating damages in this action, Weir has made no showing that this is the case."); *Fort Worth Emps. Ret. Fund v. J.P. Morgan Chase & Co.*, 301 F.R.D. 116, 142 (S.D.N.Y. 2014) (denying class certification in a securities case: "without assurance beyond Mason's say-so, the Court cannot conclude that there is a damages model that will permit the calculation of damages on a classwide basis").

Unable to identify any flaw in Dr. Gompers's report under *Daubert* and its progeny, OPERS instead implies that courts have routinely rejected the bedrock expert opinion that Dr. Gompers offers here – that plaintiff's expert, Dr. Feinstein, failed to articulate a damages methodology consistent with plaintiff's theory of liability, as required by *Comcast*. In fact, numerous courts have applied *Comcast* – and relied upon opinions much like Dr. Gompers's here – to deny class certification in securities fraud class actions. *See, e.g.*, *Ludlow v. BP, P.L.C.*, 800 F.3d 674, 690-91 (5th Cir. 2015) (affirming denial of class certification under *Comcast*); *Loritz v. Exide Techs.*, No. 13-cv-2607, 2015 WL 6790247, at *22-23 (C.D. Cal. July 21, 2015); *Stream Sicav v. Wang*, No. 12-cv-6682, 2015 WL 268855, at *3-4, 5-6 (S.D.N.Y. Jan. 21, 2015) (denying class certification under *Comcast* because plaintiff failed to adequately explain how damages would be proven, and specifically criticizing the proffered analysis of Dr. Feinstein, OPERS's expert here); *In re Kosmos Energy Ltd. Sec. Litig.*, 299 F.R.D. 133, 152 (N.D. Tex.

2014) (denying class certification under *Comcast* where plaintiff argued that "common proof will be offered at a later stage in the proceedings"). Even OPERS, when it served its interest in obtaining substitution of its expert, conceded that *Comcast* applies to this case. *See* ECF No. 360 at 10 ("*Comcast* has created a change in the law that will require a new expert opinion on class certification.") (emphasis added).

Crucially, OPERS does not – because it cannot – cite a single decision where a court excluded Dr. Gompers's opinions on *Daubert* grounds or otherwise. To the contrary, in none of the cases on which OPERS relies did a party even challenge Dr. Gompers's testimony on *Daubert* grounds, let alone obtain the sort of order OPERS seeks here.

The Fifth Circuit's decision in *Ludlow* illustrates that opinions like Dr. Gompers's are not only admissible, but also that courts find them persuasive. 800 F.3d at 689. There, as here, the plaintiff pursued a "materialization-of-the-risk" theory of damages. Like OPERS here, plaintiff's proposed damages model would award damages to the proposed class not on the theory that the plaintiff purchased the stock at an inflated price but on the premise that the plaintiff would not have purchased the stock at all had it known the true risk. *Id.* at 690.

In its opinion affirming the denial of class certification, the Fifth Circuit observed that the theory of damages there "hinge[d] on a determination that each plaintiff would not have bought BP stock *at all* were it not for the alleged misrepresentations" – a determination requiring individual inquiry. *Id*. Depending on their individual risk tolerances, some investors would have still purchased BP stock had they known the true risk, albeit at a lower price. *Id.* For those investors, "full materialization-of-the-risk damages would prove a windfall." *Id.* (citation omitted). Thus, the Fifth Circuit held: "Unlike the stock inflation model [*i.e.*, out-of-pocket damages], the materialization-of-the-risk model cannot be applied uniformly across the class, as

*Comcast* requires, because it lumps together those who would have bought the stock at the heightened risk with those who would not have." *Id.* at 691. Consequently, the Fifth Circuit affirmed the district court's decision denying class certification under *Comcast*. *Id.*

Similarly, here, Dr. Gompers opines that Dr. Feinstein's proposed damages methodology would result in a windfall to plaintiffs' proposed class. ECF No. 383-3 (Gompers Report) at Section V.E. As were the defense expert's opinions in *Ludlow*, Dr. Gompers's opinions are directly relevant to OPERS's effort to satisfy the *Comcast* requirement. As Dr. Gompers explains, OPERS has not satisfied that requirement. There is no basis on which this Court should exclude his testimony, and indeed this Court should credit that testimony in conducting the rigorous review mandated by *Comcast*.

## CONCLUSION

For the foregoing reasons, the Court should deny OPERS's Motion to Exclude the Expert Testimony of Dr. Paul Gompers.

Respectfully submitted,

Dated: March 2, 2018

Defendant,
**FREDDIE MAC,**
By its attorneys,

*/s/ Hugh E. McKay*

Hugh E. McKay (0023017)
**Porter Wright Morris & Arthur LLP**
925 Euclid Avenue, Suite 1700
Cleveland, OH 44115-1483
Tel: (216) 443-2580
Fax: (216) 443-9011
E-mail: hmckay@porterwright.com

**MORGAN LEWIS & BOCKIUS LLP**
Jordan D. Hershman
Jason D. Frank
One Federal Street
Boston, MA 02110-1726

Tel: (617) 951-8455
Fax: (617) 951-8736
E-mail: jordan.hershman@morganlewis.com
E-mail: jason.frank@morganlewis.com

*Attorneys for Defendant Freddie Mac*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2018, a copy of the foregoing "DEFENDANT FREDDIE MAC'S OPPOSITION TO LEAD PLAINTIFF'S MOTION TO EXCLUDE THE EXPERT TESTIMONY OF DR. PAUL GOMPERS" was filed electronically. Notice of this filing will be sent by operation of the Court's CM/ECF system to all parties indicated on the electronic filing receipt. This filing may be accessed through the Court's CM/ECF system.

*/s/ Hugh E. McKay*
Hugh E. McKay