UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, | : | Civil Action No. 4:08-cv-160 |
| Plaintiff, | : | (Judge Benita Y. Pearson) (Mag. Judge William H. Baughman, Jr.) |
| vs. | : | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, *et al.*, | : | |
| Defendants. | : | |

**LEAD PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF**
**MOTION TO EXCLUDE THE EXPERT TESTIMONY OF DR. PAUL GOMPERS**

## I. INTRODUCTION

Freddie Mac does not dispute that Dr. Gompers's *Comcast*-related opinions have been rejected by every court that has considered them. Lead Plaintiff's Memorandum in Support of Motion to Exclude the Expert Testimony of Dr. Paul Gompers (Doc. 441) ("Motion") at 3; *see* Defendant Freddie Mac's Opposition to Lead Plaintiff's Motion to Exclude the Expert Testimony of Dr. Paul Gompers (Doc. 456) ("Opposition"). Freddie Mac does not dispute that Dr. Gompers is indifferent to and indeed willfully ignorant of these court decisions, and that he fails to consider any applicable legal standard. Motion at 2; *see* Opposition. Freddie Mac nevertheless argues that Dr. Gompers is entitled to try a twelfth time to gain acceptance for an opinion that, as stated by a recent court, "misperceives the holding of *Comcast.*" *Luna v. Marvell Tech. Grp., Ltd.*, No. C 15-05447 WHA, 2017 WL 4865559, at *5 (N.D. Cal. Oct. 27, 2017). The Court should put a stop to this. Dr. Gompers is not entitled to give an opinion that is

contrary to the applicable legal standard, and that is precisely what he is attempting to do.

## II. DR. GOMPERS'S OPINIONS ARE NOT RELIABLE UNDER *DAUBERT* AND RULE 702.

Freddie Mac ignores the case law holding that expert testimony contrary to the applicable legal standard must be excluded. Motion at 2-3 (citing cases). This is a well-established proposition. Freddie Mac fails to distinguish these cases or cite a single case to the contrary. *See* Opposition.

Freddie Mac instead argues that Dr. Gompers's opinion should not be excluded because OPERS has not addressed *Daubert* and its reliability standard. Opposition at 1-2 (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993)). This argument suggests that Freddie Mac has not carefully read either the Motion or the cases cited therein. The Motion specifically notes that because an expert opinion must be reliable and helpful, expert testimony based on a faulty legal standard must be excluded. Motion at 2-3 (citing cases).

The cases holding that opinions contrary to legal standards should be excluded are based on *Daubert*, and the unreliable and unhelpful nature of the testimony. *See, e.g.*, *In re Welding Fume Prod.*, No. 1:03-CV-17000, 2005 WL 1868046, at *3–7 (N.D. Ohio Aug. 8, 2005) (citing *Daubert* standard and applying it to exclude testimony); *In re Novatel Wireless Sec. Litig.*, 846 F. Supp. 2d 1104, 1107–08 (S.D. Cal. 2012) (citing *Daubert* and excluding defense economist testimony on loss causation); *see also Cave v. Saxon Mortg. Servs., Inc.*, No. 11-4586, 2015 WL 6153754, at *9 (E.D. Pa. Oct. 20, 2015) (holding that opinions contrary to established law are "*per se* unreliable and inadmissible under Daubert") (*citing United States v. Cunningham,* 679 F.3d 355, 380 (6th Cir. 2012) (approving district court's exclusion of expert analysis that conflicted with the court's rulings and applicable law), and *Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 806 (N.D. Ill. 2005) (holding that expert opinions contrary to

law cannot be said to be reliable or helpful).)

This is not an issue of the "weight" to be accorded testimony. As held in *Novatel*, this an issue of admissibility. 846 F. Supp. 2d at 1108 (holding that if an expert's entire opinion is based on erroneous legal conclusions, it is inadmissible).

## III. DR. GOMPERS'S OPINIONS ARE CONTRARY TO THE LEGAL STANDARD, AND THEREFORE NOT RELEVANT TO OPERS'S BURDEN TO SATISFY THE *COMCAST* REQUIREMENT.

With no dispute that opinions contrary to legal standards should be excluded, the only question remaining is whether Dr. Gompers's opinions fall into that category. Twelve courts—in fact, *all* twelve courts where Dr. Gompers has made his *Comcast*-related arguments—have explicitly or implicitly answered that question "yes," by certifying a class despite Dr. Gompers's opinion that the requirements of *Comcast* were not met. *See* Motion at 3; Doc. 442-2 (Gompers Report Excerpts); *see also Luna*, 2017 WL 4865559, at *5 (holding that Dr. Gompers opinion "misperceives the holding of *Comcast*"). In fact, Dr. Gompers testified that he does not read any of the Judge's decisions in the cases where he testifies, he admitted that his opinions are not based on "the legal reasons that a court might decide something," and they are "not based on legal decisions." (Doc. 406-5, Gompers Dep., 165:8–166:9, 167:20-23, 170:8-14, 171:17-24, 172:19-22, 173:15-21, 175:12-17, 175:24–176:4, 177:18-20, 178:17–181:17.)

In the *Luna* case, as in all of the *Comcast*-related cases in which he has offered an opinion, Dr. Gompers opined that *Comcast* requires more than a "generic" explanation that a common damage methodology could be used on a classwide basis, in this case an out-of-pocket damage methodology. *See* Supplemental Declaration of W.B. Markovits in Support of Lead Plaintiff's Motion to Exclude the Expert Testimony of Dr. Paul Gompers ("Markovits Supp. Decl."), at ¶ 2 and Exh. 1. That is precisely the same opinion he gives here, and similarly is

contrary to *Comcast*. *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013).

The great weight of authority, around the country and within this Circuit, holds that *Comcast* requires what Professor Feinstein has provided: an opinion that an out-of-pocket damages methodology can be applied on a classwide basis to determine damages under Rule 10b-5. *See* Markovits Supp. Decl., ¶ 2 and Exh. 2 (excerpts from plaintiff expert reports). Indeed, Freddie Mac's expert, Dr. Bajaj, recently provided a *Comcast* opinion for a plaintiff, and took the same approach as Professor Feinstein, albeit with less detail. (Doc. 406-3, Allergan Rpt., ¶¶ 14, 68, 69, 71.)

Freddie Mac talks at length about the *Ludlow* case—an outlier—trying to fit that holding to the facts of this case. Opposition at 4-6 (*citing Ludlow v. BP, P.L.C.*, 800 F.3d 674 (5th Cir. 2015). The *Ludlow* court's holding was based in large part on the fact that, as Freddie Mac indicates, the proposed damages model would award damages based not on the theory that plaintiff purchased at an inflated price but on the premise that plaintiff would not have purchased the stock at all. Opposition at 5. In an attempt to fit the present case within the *Ludlow* holding, Freddie Mac asserts this is OPERS's damage theory as well. *Id.* at 5. It is not, as even Dr. Gompers acknowledges. (Doc. 406-5, Gompers Dep., 58:6-9.) OPERS is seeking damages on the theory that plaintiffs purchased at an inflated price, and is seeking typical out-of-pocket damages, determinable on a classwide basis.

To be fair, it is true that there are a handful of cases where courts have suggested more specificity regarding a damages model was necessary, although still not in the detail suggested by Dr. Gompers, who would essentially require a loss-causation analysis at the class certification stage. Opposition at 4-6. These cases are inconsistent with the weight of authority and the legal standard applied within the Sixth Circuit. If the Court agrees, exclusion of Dr. Gompers's

opinion is warranted.

## IV. CONCLUSION

For the foregoing reasons, OPERS's respectfully requests that its motion to exclude the purported expert testimony of Dr. Paul Gompers be granted.

Dated: March 9, 2018

Respectfully submitted,

OHIO ATTORNEY GENERAL
MICHAEL DeWINE
Attorney General of Ohio
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
Telephone: (614) 387-5600
Facsimile: (614) 387-6697

*/s/ W.B. Markovits*
W.B. Markovits (0018514)
Joseph T. Deters (0012084)
Christopher D. Stock (0075443)
Terence R. Coates (0085579)
MARKOVITS, STOCK & DEMARCO, LLC
3825 Edwards Road, Suite 650
Cincinnati, Ohio 45209
Telephone: (513) 651-3700
Facsimile: (513) 665-0219
E-mail: bmarkovits@msdlegal.com
E-mail: jdeters@msdlegal.com
E-mail: cstock@msdlegal.com
E-mail: tcoates@msdlegal.com

*Special Counsel to the Attorney General of the State of Ohio and Lead Counsel for Lead Plaintiff*

*/s/ Richard S. Wayne*
Richard S. Wayne (0022390)
William K. Flynn (0029536)
Robert R. Sparks (0073573)
Stephen E. Schilling (0086897)
STRAUSS TROY CO., LPA
150 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 621-2120
Facsimile: (513) 629-9426

E-mail: rswayne@strausstroy.com
E-mail: wkflynn@strausstroy.com
E-mail: seschilling@strausstroy.com

*Special Counsel to the Attorney General of the State of Ohio*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2018, a copy of the foregoing "LEAD PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE THE EXPERT TESTIMONY OF DR. PAUL GOMPERS" was filed electronically. Notice of this filing will be sent by operation of the Court's CM/ECF system to all parties indicated on the electronic filing receipt. This filing may be accessed through the Court's CM/ECF system.

*/s/ W.B. Markovits*
W.B. Markovits (0018514)