IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, | ) ) ) | CASE NO. 4:08 CV 160 |
| | ) | JUDGE BENITA Y. PEARSON |
| Plaintiff, | ) ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, *et al.*, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

In this case that this year passes from childhood to adolescence, plaintiff Ohio Public Employee Retirement System (OPERS) requested production of documents provided by defendant Federal Home Loan Mortgage Corporation (Freddie Mac) to the Securities Exchange Commission (SEC). Although Freddie Mac initially objected to the request as overly broad and burdensome, it eventually produced the documents in the same electronic form as provided to the SEC. OPERS, however, found this production inadequate for its purposes because of the absence of certain metadata. After extensive, unsuccessful efforts to agree on an accommodation, OPERS has moved to compel Freddie Mac to cure remaining perceived defects in the production and for sanctions.[1] Freddie Mac opposes the motion.[2]

I deny the motion.

---

[1] ECF # 425.

[2] ECF # 447. OPERS has filed a reply. ECF # 447.

I.

On December 1, 2015, an amendment to Federal Rule of Civil Procedure 26(b)(1) took effect providing that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." This discovery dispute pre-dates this amendment, but it governs the decision on the pending motion.

OPERS asked for all the documents provided by Freddie Mac to the SEC in connection with an investigation into some subjects similar to OPERS's complaint. Despite initially objecting to the request as overly broad and burdensome, Freddie Mac gave OPERS what it asked for - the entire production in the same electronic format given to the SEC.

OPERS considered the production flawed because it lacked certain metadata. This launched a collaborative effort by counsel to find an accommodation. Eventually the Court became involved in this process, setting out a framework for counsel to work through the parties' differences. From my observations during several conferences with counsel, the parties sincerely wanted and sought a resolution but could not find one. Accordingly, OPERS filed the motion now before me.

Curiously, OPERS's motion asks the Court to order Freddie Mac to fix the defects that OPERS alleged in the SEC production. It does not detail what Freddie Mac should do. Rather OPERS asks the Court to place the burden to find the fix on a set schedule, to pay for the fix, and to pay certain expenses of OPERS as sanctions.[3]

---

[3] ECF # 425-1, at 14.

What OPERS seeks is a fix of the SEC production to permit OPERS to mine the documents for evidence in support of its claims. Under the limitations imposed by Rule 26(b)(1)'s proportionality requirement, this prayer is excessive. OPERS gives an example of some information that it cannot extract from the SEC production in the format given to the SEC and provided to OPERS. OPERS believes that all emails between individual defendants Richard Syron and Anthony Piszel have relevance to the claims asserted.[4] The absence of complete metadata makes the identification of all those emails within the SEC production impossible.[5] But the solution proposed by OPERS is excessive and not proportional. Assuming arguendo the importance of these emails to OPERS's case, OPERS should at this point request the emails rather than seek an undefined fix that might permit its counsel to look for them.

II.

The parties and counsel have struggled with the "SEC production" problem since 2012. It is time to move on. Going forward counsel must request with specificity the documents needed to prepare this case for disposition on the merits, keeping in mind the requirement of proportionality. OPERS's motion to compel and for sanctions is denied.

IT IS SO ORDERED.

Dated: May 2, 2018    s/ William H. Baughman, Jr.
United States Magistrate Judge

---

[4] *Id*. at 8-9.

[5] *Id*.