No. 18-0310

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 23, 2019
DEBORAH S. HUNT, Clerk

In re: OHIO PUBLIC EMPLOYEES           )
RETIREMENT SYSTEM, on behalf of Itself and  )
All Others Similarly Situated,         )           O R D E R
                                       )
        Petitioner.

Before: SUHRHEINRICH, STRANCH, and LARSEN, Circuit Judges.

        Lead Plaintiff, the Ohio Public Employee Retirement System (OPERS), petitions under Federal Rule of Civil Procedure 23(f) for leave to appeal the district court's interlocutory order denying its motion for class certification in this private securities fraud case brought against the Federal Home Loan Mortgage Corporation (Freddie Mac) and four of its senior officers. Freddie Mac and the senior officers answer in opposition. OPERS replies in support of its petition.

        Under Rule 23(b)(3) we are authorized to permit an appeal from the grant or denial of a motion for class certification. "[W]e eschew any hard-and-fast test in favor of a broad discretion to evaluate relevant factors that weigh in favor of or against an interlocutory appeal." *In re Delta Air Lines*, 310 F.3d 953, 959 (6th Cir. 2002). There are four specific factors that guide our consideration of a petition to appeal under Rule 23(f). First, the "death-knell" factor recognizes "that the costs of continuing litigation for either a plaintiff or defendant may present such a barrier that later review is hampered." *Id.* at 960. Second, "[t]he case that raises a novel or unsettled question may also be a candidate for interlocutory review." *Id.* Third, "the likelihood of the petitioner's success on the merits is a factor" to be considered. *Id.* Fourth, "the posture of the case as it is pending before the district court is of relevance." *Id.*

OPERS challenges the framework applied by the district court as it relates to the fraud-on-the-market theory endorsed in *Basic Inc. v. Levinson*, 485 U.S. 224, 243 (1988), market efficiency, price impact, and the legal standard for determining damages under *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013).  Having reviewed the district court's order, OPERS' petition, and Freddie Mac's response, we find that an interlocutory appeal is not warranted.

The plaintiff's petition for permission to appeal the class certification decision is **DENIED**.

                              ENTERED BY ORDER OF THE COURT

                              Deborah S. Hunt, Clerk