UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, *etc.*, | : : | Civil Action No. 4:08-cv-160 |
| | : | (Benita Y. Pearson, Judge) |
| Plaintiff, | : | (William H. Baughman, Jr., Mag. Judge) |
| | : | |
| vs. | : | |
| | : | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, *et al.*, | : : | |
| | : | |
| Defendants. | : | |

## OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM'S REQUEST FOR *SUA SPONTE* SUMMARY JUDGMENT

I. INTRODUCTION

This Court's Memorandum of Opinion and Order entered on August 14, 2018 on class certification and *Daubert* issues (Doc. 478, the "Opinion"), absent reversal by the appellate court, is case-dispositive. Defendants, however, have stated that they do not intend to move immediately for summary judgment, but rather propose a schedule that would delay summary judgment for another eighteen months. OPERS cannot move for summary judgment against itself. But this Court can and should, *sua sponte*, grant summary judgment to Defendants. There is no reason for this case to burden this Court's docket and waste judicial resources if the Opinion, absent appellate reversal, is a case-dispositive ruling of this Court.

The Court's Opinion considered merits issues that were intertwined with the determination of class certification in this proposed securities class action. One such issue was price impact, where this Court concluded that Defendants negated price impact with

"overwhelming" evidence. This holding is case-dispositive, because OPERS must—but cannot under the Court's Opinion—show price impact to proceed on an individual basis now that class certification has been denied. The Court's exclusion of OPERS's expert under *Daubert* is also case-dispositive. An expert opinion on price impact, and an event study, are both necessary under this Court's rulings to prove loss causation going forward, but impossible with OPERS's current expert. In analogous situations the exclusion of a plaintiff expert has resulted in summary judgment.

To be clear, OPERS does not agree with the Court's Opinion, and OPERS intends to and reserves its right to appeal the decisions of this Court. But OPERS recognizes that the Court's Opinion as it stands entitles Defendants to summary judgment, and this determination should therefore be made sooner rather than later to avoid the waste of judicial and legal resources that would otherwise occur. OPERS requests that either the Court grant summary judgment immediately *sua sponte*, or do so after further briefing by the parties if the Court deems such briefing necessary and appropriate.

## II. Factual Background

On June 12, 2017, OPERS filed Lead Plaintiff's Renewed Motion for Class Certification and to Appoint Class Representative and Class Counsel, attaching a number of documents including a "Report on Market Efficiency" authored by Dr. Steven P. Feinstein. (Docs. 372, 372-3.) Defendants opposed OPERS renewed motion and filed a motion to strike the testimony and reports of Dr. Feinstein under *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). (Doc. 444.) OPERS moved under *Daubert* to exclude the report, opinions and testimony of defense experts Dr. Mukesh Bajaj and Dr. Paul Gompers. (Docs. 437, 440.)

All issues relating to the class certification and *Daubert* motions were extensively briefed, with reams of supporting reports and documents. (Docs. 372, 379, 381-384, 388, 391, 395-396, 404-406, 437-444, 454-456, 458-462, 466, 469.) On April 13, 2018, this Court held a hearing on the motions, at which both oral argument and the expert testimony of Drs. Feinstein and Bajaj were presented. Both parties presented post-hearing submissions. (Docs. 466, 469.)

On August 14, 2018, this Court issued its Opinion that, (1) granted Freddie Mac's motion to strike the reports and exclude the testimony of Dr. Feinstein, (2) denied OPERS's motion to exclude the testimony of Dr. Bajaj, (3) denied the motion to exclude the testimony of Dr. Gompers, and (4) denied OPERS's renewed motion for class certification. (Doc. 478.)

The Court analyzed each of the issues, recognizing that its analysis could overlap with proof required to establish the merits of OPERS's claims. Opinion at PageID #22762 (*citing Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)). Based on the record and testimony, the Court held in part as follows, (1) a price maintenance theory could not be "meaningfully" argued where OPERS had alleged materialization of the risk, (2) a price maintenance theory could not refute "otherwise overwhelming evidence of no price impact," (3) Dr. Bajaj demonstrated that there was no price impact by showing that the alleged misstatements did not impact Freddie Mac's stock price, and (4) Dr. Feinstein's event study in support of market efficiency, and his other analyses, were unreliable resulting in his exclusion under *Daubert*. Opinion at PageIDs #22747, #22768-70.

III. ARGUMENT

A. SUMMARY JUDGMENT MAY BE GRANTED *SUA SPONTE* GIVEN THE COURT'S MERIT-BASED DETERMINATIONS AT CLASS CERTIFICATION

1. Class Certification Opinions May Decide Merits-Based Issues

While a court is generally prohibited under Federal Rule of Civil Procedure 23 from engaging in a free-ranging merits inquiry at the class-certification stage, it is recognized that the "rigorous analysis" required for class certification will frequently "entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351(2011) (internal quotation marks omitted).[1]

2. The Law of the Case Applies to Determinations on Class Certification

Courts "uniformly" apply the stringent "law of the case" standard to class-certification decisions, allowing modification or reconsideration only if certain requirements are met. 3 Newberg on Class Actions §7:35 (5th ed.) (*citing* cases, including *Pettrey v. Enter. Title Agency, Inc.*, 242 F.R.D. 384, 385 (N.D. Ohio 2007)). The bases for reconsideration generally and within this Circuit include, (1) new evidence, (2) an intervening change in controlling law, or (3) to correct a clear error of law or to prevent a manifest injustice. *Id.*

As discussed below, there is no new evidence or controlling law beyond that which OPERS presented in its extensive class-certification filings relating to the case-dispositive issues discussed below. And while OPERS believes the Court's determinations were in error, the alleged errors have already been asserted by OPERS in its prior pleadings before

---

[1] The Supreme Court clarified that its earlier case, *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974), had often been miscited to limit a court's inquiry at the class certification stage. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 n. 6 (2011).

4

this Court. As this Court has recognized, it would be inappropriate to reargue issues in this context. *Grossman v. Royal Manor Mgmt., Inc.*, No. 5:13MC8, 2013 WL 978261, at *2 (N.D. Ohio Mar. 12, 2013) (denying motion for reconsideration where movant reasserted arguments that were already presented) (*citing Torre v. Federated Mutual Ins. Co.*, 906 F. Supp. 616, 618 (D. Kan. 1995) ("A motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments previously considered and rejected."), *aff'd,* 124 F.3d 218 (10th Cir. 1997) (table decision)).

      3.    <u>This Court Can Grant Summary Judgment *Sua Sponte*</u>

A party cannot move for summary judgment against itself. *See, e.g.*, *Payne v. River Rocks LLC*, No. 615CV1727, 2016 WL 8669876, at *4–5 (M.D. Fla. Sept. 9, 2016) (noting that the language of Rule 56 states Courts shall grant summary judgment if "the movant" is entitled to judgment as a matter of law). And Defendants have indicated that they do not intend to move for summary judgment until discovery is completed, with a proposed dispositive-motion deadline of September 21, 2020. Declaration of W. B. Markovits, ¶¶ 2-3.

An analogous situation presented itself in *In re Simon II Litig.*, 208 F.R.D. 488, 490 (E.D.N.Y. 2002), where Judge Weinstein noted defendants' "apparent tactical decision not to file" dispositive motions. The court held it would consider *sua sponte* dispositive motions on the merits, where the factual and legal issues had been fully presented in pleadings on class certification and transfer. *Id.*

OPERS requests that this Court similarly enter summary judgment *sua sponte*, which it has the power to do. *Adkins v. Phoenix Rising Behavioral Healthcare & Recovery Inc.*, No. 5:15CV922, 2016 WL 5661617, at *6 (N.D. Ohio Sept. 30, 2016), (*citing Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte* . . . .); *see also Schneider v. Qualters*, 852 F.2d 569 (6th Cir. 1988) (affirming *sua sponte* grant of summary judgment on securities claims where summary judgment on RICO claims effectively precluded securities claims as well); *Bricklayers & Trowel Trades Int'l Pension Fund v. Credit Suisse Sec. (USA) LLC*, 752 F.3d 82 (1st Cir. 2014) (affirming *sua sponte* grant of summary judgment for defendants after rejecting plaintiff's expert's event study).

    4.    <u>OPERS May Appropriately Request a Summary Judgment Determination to Expedite Appellate Review</u>

A case is ripe for appellate review under the "final judgment rule" after a district court's decision that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981). Despite a general rule prohibiting appeals from judgments to which an appellant consents or requests, an appeal is permissible when "solicitation of the formal dismissal [is] designed only to expedite review of an order which had in effect dismissed appellants' complaint." *Raceway Props., Inc. v. Emprise Corp.*, 613 F.2d 656, 657 (6th Cir. 1980) (per curiam) (*citing United States v. Procter & Gamble Co.*, 356 U.S. 677 (1958)). A caveat is that one who solicits the dismissal "must make his or her intention known to the court and opposing parties," and unequivocally reserve the right to appeal. *Laczay v. Ross Adhesives, a Div. of Conros Corp.*, 855 F.2d 351, 354 (6th Cir. 1988). To the extent such a reservation of the right to appeal is necessary in the context of a requested *sua sponte* summary judgment, OPERS does so here.

6

B. **THE COURT SHOULD *SUA SPONTE* GRANT SUMMARY JUDGMENT BASED UPON ITS FINDING OF A LACK OF PRICE IMPACT**

A securities class action plaintiff can establish a presumption of reliance by showing that the security at issue trades in an efficient market. *Basic v Levinson*, 485 U.S.224 (1988). In *Halliburton II*, the Supreme Court held that a defendant can rebut that presumption at class certification by establishing through a preponderance of the evidence an absence of price impact. *Halliburton Co. v. Erica P. John Fund, Inc. ("Halliburton II")*, 573 U.S. 258, 281 (2014); *Ark. Teachers Ret. Sys. v. Goldman Sachs Grp., Inc.*, 879 F.3d 474, 485 (2d Cir. 2018) (stating that lack of price impact must be shown by a preponderance of evidence). "Price impact" means "the effect of a misrepresentation on a stock price." *Erica P. John Fund, Inc. v. Halliburton Co. ("Halliburton I")*, 563 U.S. 804, 814 (2011).

As part of its Opinion, this Court held that Defendants had demonstrated a lack of price impact by "overwhelming" evidence. Opinion at PageID #22770. This holding was primarily based upon two points: (1) there was no statistically significant price movement at the time of the alleged misrepresentations; and (2) the Court's rejection of a "price maintenance" theory. *Id*. at #22769-70.

The determination of a lack of price impact is case-dispositive. Price impact is a critical component of loss causation, and loss causation must be shown to survive summary judgment. *Halliburton I*, 563 U.S. at 812 (holding that to prove loss causation a plaintiff must "show that a misrepresentation that affected the integrity of the market price [price impact] *also* caused a subsequent economic loss"); *see also O'Connor v. Cory*, No. 3:16-CV-1731-B, 2019 WL 95483, at *16 (N.D. Tex. Jan. 3, 2019) (holding that failure to show loss causation was fatal to 10b-5 securities fraud claims on motion for summary judgment). To prove loss causation a securities plaintiff must show both price impact *and* a link

7

between that price impact and the plaintiff's economic loss. *See also* 44 No. 3 Securities Regulation Law Journal (discussing *Halliburton II* and noting "[p]rice impact is thus an essential precondition for any Rule 10b-5 class action"). If there is no price impact, there is no loss causation, and summary judgment is warranted.

This is not a situation, moreover, where OPERS may be able to develop additional evidence that would change the Court's mind. OPERS acknowledges that there was not statistically significant price movement at the time of the alleged misrepresentations, and there is no additional evidence that will change those facts. Therefore, OPERS asserted a theory of price maintenance. *See Willis v. Big Lots, Inc.*, 242 F. Supp. 3d 634, 658–59 (S.D. Ohio 2017) (agreeing with price-maintenance theory). But to the extent the Court rejects that theory as a matter of law, as it has done, OPERS's claims would fail at summary judgment.

Again, while OPERS does not agree with the Court's determination on these issues, it recognizes that Defendants are entitled, based upon the Court's determination, to summary judgment. There is no reason to delay appellate review.

C. THE COURT SHOULD *SUA SPONTE* GRANT SUMMARY JUDGMENT BASED UPON ITS EXCLUSION OF OPERS'S EXPERT

Another basis for the *sua sponte* grant of summary judgment relates to this Court's exclusion of OPERS's expert, Dr. Feinstein. The Court excluded Dr. Feinstein's testimony and reports relating to market efficiency, primarily focusing on what the Court viewed as an improper event study. Opinion at PageID #22747. The Court also held that Dr. Feinstein's opinions on price impact were incorrect, agreeing with Defendants that no price impact was shown, as discussed above. *Id.* at #22768. Without Dr. Feinstein's opinions on these issues moving forward, OPERS cannot survive summary judgment. *See Bricklayers*,

752 F.3d at 90. In *Bricklayers*, the court ruled that the plaintiff expert's event study was inadmissible, preventing a triable issue of fact as to loss causation. *Id.* The court granted summary judgment *sua sponte*. *Id.*; *see also In re Williams Sec. Litig.*, 496 F. Supp. 2d 1195, 1290–95 (N.D. Okla. 2007), *aff'd sub nom. In re Williams Sec. Litigation-WCG Subclass*, 558 F.3d 1130 (10th Cir. 2009) (granting summary judgment based upon issues of loss causation and damages where expert opinion excluded).

Again, while OPERS disagrees with the Court's determinations regarding Dr. Feinstein's testimony and reports, and explicitly reserves the right to appeal those determinations, the case-dispositive nature of the *Daubert* exclusions indicates that the *sua sponte* grant of summary judgment is appropriate.

D. CONCLUSION

Defendants, apparently for tactical reasons, are declining to seek summary judgment based upon this Court's Opinion. To continue to expend judicial resources and keep this case on the Court's docket in a situation where case-dispositive determinations have already been made, however, is a waste that this Court should not countenance. OPERS, therefore, seeks a *sua sponte* grant of summary judgment to expedite review of the Court's Opinion. OPERS expressly and unequivocally reserves its right to appeal the Court's Opinion and its determinations.

Dated: May 9, 2019                    Respectfully submitted,

                                                      OHIO ATTORNEY GENERAL
                                                      DAVE YOST
                                                      Attorney General of Ohio
                                                      30 East Broad Street, 17th Floor
                                                      Columbus, Ohio 43215
                                                      Telephone: (614) 387-5600
                                                      Facsimile: (614) 387-6697

/s/ W.B. Markovits
W.B. Markovits (0018514)
Joseph T. Deters (0012084)
Christopher D. Stock (0075443)
Terence R. Coates (0085579)
MARKOVITS, STOCK & DEMARCO
3825 Edwards Rd., Suite 650
Cincinnati, Ohio 45209
Telephone: (513) 651-3700
Facsimile: (513) 665-0219
E-mail: bmarkovits@msdlegal.com
E-mail: joedeters@msdlegal.com
E-mail: cstock@msdlegal.com
E-mail: tcoates@msdlegal.com

/s/ Richard S. Wayne
Richard S. Wayne (0022390)
William K. Flynn (0029536)
Robert R. Sparks (0073573)
Stephen E. Schilling (0086897)
STRAUSS TROY CO., LPA
150 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 621-2120
Facsimile: (513) 629-9426
E-mail: rswayne@strausstroy.com
E-mail: wkflynn@strausstroy.com
E-mail: rrsparks@strausstroy.com
E-mail: seschlling@strausstroy.com

*Special Counsel to the Attorney General of the State of Ohio and Lead Counsel for Lead Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 9, 2019, a copy of the foregoing "OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM'S REQUEST FOR SUA SPONTE SUMMARY JUDGMENT" was filed electronically. Notice of this filing will be sent by operation of the Court's CM/ECF system to all parties indicated on the electronic filing receipt. This filing may be accessed through the Court's CM/ECF system.

                                        */s/ W.B. Markovits*
                                        W.B. Markovits (0018514)