PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, *etc.*, | ) ) ) | CASE NO.  4:08CV0160 |
| Plaintiff, | ) ) | |
| v. | ) ) | JUDGE BENITA Y. PEARSON |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, *etc.*, *et al.*, | ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 485] |

Pending is Plaintiff Ohio Public Employees Retirement System's ("OPERS") Request

For *Sua Sponte* Summary Judgment (ECF No. 485).  The Court has been advised, having

reviewed the record, the parties' briefs,[1] and the applicable law.  For the reasons set forth below,

the request is granted.

## I.  Background

The Court previously denied Lead Plaintiff OPERS' Renewed Motion for Class

Certification (ECF No. 372) in this private securities fraud case brought against Freddie Mac and

four of its senior officers.  Memorandum of Opinion and Order (ECF No. 478).  The Court,

---

[1]  Defendants Richard F. Syron (ECF No. 494), Patricia L. Cook (ECF No. 493), and Eugene M. McQuade (ECF No. 492) join in Defendant Federal Home Loan Mortgage Corporation's ("Freddie Mac") arguments opposing OPERS' request (ECF No. 490). Defendant Anthony S. Piszel has indicated he would like the Court to consider a summary judgment motion to be filed by him on the narrow issue of scienter without awaiting the conclusion of discovery.  ECF Nos. 489 and 491.

(4:08CV0160)

based on Defendants' argument, has followed those cases that reject price maintenance as a viable theory of price impact.  ECF No. 478 at PageID #: 22769-70.

Thereafter, OPERS petitioned the United States Court of Appeals for the Sixth Circuit under Fed. R. Civ. P. 23(f) for leave to appeal the district court's interlocutory order.  *In re: Ohio Public Employees Retirement System*, No. 18-0310 (6th Cir. filed Aug. 28, 2018).  OPERS challenged the framework applied by the district court as it relates to the fraud-on-the-market theory endorsed in *Basic Inc. v. Levinson*, 485 U.S. 224, 243 (1988), market efficiency, price impact, and the legal standard for determining damages under *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013).  Finding that an interlocutory appeal was not warranted, the Sixth Circuit denied OPERS' petition for permission to appeal the class certification decision.  *In re: Ohio Public Employees Retirement System*, No. 18-0310 (6th Cir. Jan. 23, 2019).

## II.  Law and Analysis

Over three months after the Sixth Circuit denied OPERS' petition for permission to appeal the class certification decision, OPERS filed the within request that either the Court grant summary judgment immediately *sua sponte*, or do so after further briefing by the parties.  ECF No. 485 at PageID #: 22874.  *See, e.g., Eisenrich v. Minneapolis Retail Meat Cutters & Food Handlers Pension Plan*, 544 F. Supp.2d 848, 858 (D. Minn. 2008), *aff'd in relevant part*, 574 F.3d 644 (8th Cir. 2009) (affirming grant of request for *sua sponte* summary judgment); *Big Boy Restaurants v. Cadillac Coffee Co.*, 238 F. Supp.2d 866, 876 (E.D. Mich. 2002) (granting request for *sua sponte* summary judgment).  In response, counsel for Freddie Mac stated that defendants did not intend to move immediately for summary judgment, but rather intended to wait until all discovery was completed.  Freddie Mac's counsel subsequently sent a proposed schedule to

2

(4:08CV0160)

counsel for OPERS that included a proposed dispositive motion cutoff date of September 21, 2020. Declaration of W.B. Markovits (ECF No. 485-1) at PageID #: , ¶¶ 2-3.

Following the completion of discovery, Freddie Mac believes it will have grounds to file a motion for summary judgment on several dispositive grounds (including materiality and scienter). ECF No. 490 at PageID #: 22908.  According to Freddie Mac, there are multiple issues and defenses to be developed in completing discovery.  Once fact and expert discovery close and a complete record has been developed, Freddie Mac intends to move for summary judgment on several issues, not just the sole issue of price impact OPERS has "cherry picked."  ECF No. 490 at PageID #: 22924.[2]  Freddie Mac's Opposition (ECF No. 490), however, does not attempt to explain how any further discovery, "new evidence," or additional expert opinion could change the Court's determination of a lack of price impact.

OPERS only recently informed the Court that now, over 15 months after OPERS filed its Request For *Sua Sponte* Summary Judgment (ECF No. 485), neither Freddie Mac nor any other Defendant has sought any additional discovery.  Counsel for OPERS had previously advised counsel for Freddie Mac that, based upon ECF No. 478, it did not intend to take any further discovery.  ECF No. 497 at PageID #: 22978-79.

Freddie Mac argues that OPERS' request that the Court enter summary judgment on the merits of a federal securities law claim solely based on rulings that supported the denial of a

---

[2]  Dr. Mukesh Bajaj, the expert witness of Freddie Mac, testified during the April 13, 2018 oral hearing/argument that further discovery was not necessary to his determination that there was no price impact from the alleged misrepresentations and omissions on November 20, 2007, the date of the 29% stock price decline.  Hearing Transcript (ECF No. 468) at PageID #: 22570-72.

3

(4:08CV0160)

motion for class certification is contrary to express United States Supreme Court precedent

barring manufactured appeals of this sort, and it is otherwise contrary to law.  ECF No. 490 at

PageID #: 22905, 22907.  In *Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017), the Supreme

Court unequivocally held that a party may not manufacture a final decision (and thus appellate

jurisdiction) after the district court denies class certification and the circuit court denies a petition

for interlocutory appeal under Rule 23(f).  The Supreme Court held that such "inventive litigation

ploys," in which a plaintiff "persuades a district court to issue an order purporting to end the

litigation," violate the scheme for appeal of class certification orders mandated by Congress in 28

U.S.C. §§ 1291 and 1292(b), and Rule 23(f).  *Microsoft*, 137 S. Ct. at 1714, 1715.  Freddie Mac

implores the Court, ECF No. 490 at PageID #: 22907, 22924, not to fall for OPERS' "inventive

litigation ploy," to manufacture an appeal that *Microsoft* rejected.  *Id.* at 1714.

OPERS contends the within request does not fall within the prohibitions of *Microsoft*.  It

contends there is no "dismissal tactic" as there was in *Microsoft*.  137 S. Ct. at 1715, n.11.

Rather, OPERS' request falls squarely within the dictates of *Raceway Props., Inc. v. Emprise

Corp.*, 613 F.2d 656 (6th Cir. 1980) (per curiam), which permits expedited review of an order

that effectively dismisses a party's case.  ECF No. 496 at PageID #: 22957.  The Court agrees.

An appeal is permissible when "solicitation of the formal dismissal was designed only to

expedite review of an order which had in effect dismissed appellants' complaint."  *Id.* at 657

(citing *United States v. Procter & Gamble Co.*, 356 U.S. 677 (1958)).  *Microsoft*, 137 S. Ct. at

1715, n.11, left intact the line of Supreme Court case law upon which *Raceway* is based—a line

of authority allowing plaintiffs to facilitate appellate review by arguing not that they "consent to

a judgment against them, but only that, if there was to be such a judgment, it should be final in

4

(4:08CV0160)

form instead of interlocutory, so that they might [appeal] without further delay." *Procter & Gamble*, 356 U.S. at 681 (quoting *Thomsen v. Cayser*, 243 U.S. 66, 83 (1917)).

In *Innovation Ventures, LLC v. Custom Nutrition Labs, LLC*, 912 F.3d 316 (6th Cir. 2018), the Sixth Circuit allowed jurisdiction pursuant to 28 U.S.C. §1291's requirements to hear an appeal from judgments that limited plaintiff to nominal damages going forward absent a change in theory.  The court set out the two important limits on *Raceway*.  "First, parties may not appeal claims that were dismissed without prejudice. . . .  Second, if a party seeks to come within the *Raceway* exception, she should make her intention known to the court and opposing parties." *Id.* at 329 (internal quotation marks and citations omitted).  According to OPERS, "[b]oth of those limits are met in this case:  1) the summary judgment would be a dismissal with prejudice; and 2) OPERS has made its intention known that, while it does not agree with the substance of the Court's decision regarding price impact, it recognizes that it precludes OPERS from going forward individually with its securities claims on the dispositive element of loss causation."[3] ECF No. 496 at PageID #: 22964.  Absent "new evidence" or a change in law, the determination of a lack of price impact stands.  *See, e.g.*, *Bush v. Struthers Ohio Police Dept.*, No. 4:19-CV-768, 2020 WL 4926235, at *1 (N.D. Ohio Aug. 21, 2020) (Pearson, J.) (setting forth major situations which justify a court reconsidering one of its orders).  No additional discovery or

---

[3]  Price impact is the consideration of "whether the alleged misrepresentations affected the market price in the first place." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 814 (2011) ("*Halliburton I*").  Loss causation in turn is a showing that the price impact was caused by "the correction to a prior misleading statement" and "that the subsequent loss could not otherwise be explained by some additional factors revealed then to the market." *Id.* at 812.

(4:08CV0160)

expert report is likely to change the Court's determination that OPERS' price maintenance theory of liability cannot be used to prove price impact.

In *Innovation Ventures*, the Court of Appeals held, "[i]t would be perverse indeed if we required a plaintiff to pursue a theory that she did not consider meritorious simply to preserve her right to appeal." 912 F.3d at 330. That is precisely what OPERS would have to do to proceed forward in this case. The only way for OPERS to move forward would be to abandon price maintenance as its theory of price impact, and attempt to show price impact at the time of the misrepresentations and omissions through stock price movement. OPERS, similar to the Government in *Raceway*, is not prepared to and cannot proceed individually on this basis. ECF No. 496 at PageID #: 22965.

### III. Conclusion

OPERS' Request For *Sua Sponte* Summary Judgment (ECF No. 485) is granted.

Final judgment under 28 U.S.C. § 1291, resolving both liability and damages, will be entered in favor of Freddie Mac and four of its senior officers and against OPERS on the Third Amended Complaint (ECF No. 166).


IT IS SO ORDERED.


 September 17, 2020                     */s/ Benita Y. Pearson*
Date                                   Benita Y. Pearson
                                       United States District Judge

6