RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 23a0063p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

| | |
|---|---|
| OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, *Plaintiff-Appellant*, *v.* FEDERAL HOME LOAN MORTGAGE CORPORATION; RICHARD F. SYRON; PATRICIA L. COOK; ANTHONY S. PISZEL; EUGENE M. MCQUADE, *Defendants-Appellees*. | No. 20-4082 |

Appeal from the United States District Court for the Northern District of Ohio at Youngstown.
No. 4:08-cv-00160—Benita Y. Pearson, District Judge.

Argued: March 16, 2023

Decided and Filed: April 6, 2023

Before: McKEAGUE, THAPAR, and LARSEN, Circuit Judges.

---

## COUNSEL

**ARGUED:** W.B. Markovits, MARKOVITS, STOCK & DEMARCO, LLC, Cincinnati, Ohio, for Appellant. Jason D. Frank, MORGAN, LEWIS & BOCKIUS LLP, Boston, Massachusetts, for Appellee Federal Home Loan Mortgage Corporation. **ON BRIEF:** W.B. Markovits, MARKOVITS, STOCK & DEMARCO, LLC, Cincinnati, Ohio, Richard S. Wayne, STRAUSS & TROY, Cincinnati, Ohio, for Appellant. Jason D. Frank, Jordan D. Hershman, Emily E. Renshaw, Andrew M. Buttaro, MORGAN, LEWIS & BOCKIUS LLP, Boston, Massachusetts, Hugh E. McKay, PORTER WRIGHT MORRIS & ARTHUR LLP, Cleveland, Ohio, Michael E. Kenneally, MORGAN, LEWIS & BOCKIUS LLP, Washington, D.C., for Appellee Federal Home Loan Mortgage Corporation. James K. Goldfarb, Michael V. Rella, MCGONIGLE, P.C., New York, New York, Joseph C. Weinstein, SQUIRE PATTON BOGGS (US) LLP, Cleveland, Ohio, Frank R. Volpe, SIDLEY AUSTIN LLP, Washington, D.C., Carl S. Kravitz, ZUCKERMAN SPAEDER LLP, Washington, D.C., Michael S. Doluisio, DECHERT LLP, Philadelphia, Pennsylvania, for Individual Appellees.

---

**OPINION**

---

McKEAGUE, Circuit Judge. Ohio Public Employees Retirement System (OPERS) filed a class action suit alleging securities fraud against Federal Home Loan Mortgage Corporation and four senior officers (collectively, Freddie Mac). The district court denied OPERS' motion for class certification. So, OPERS petitioned for our review under Federal Rule of Civil Procedure 23(f). But we denied review. Back at the district court, OPERS requested, and the district court granted, "sua sponte" summary judgment for Freddie Mac. Now, OPERS appeals both the class certification and summary judgment decisions. Because the district court's summary judgment decision was manufactured by OPERS in an apparent attempt to circumvent the requirements of Rule 23(f), the decision was not final. We therefore lack jurisdiction, and accordingly must reverse and remand.

## I. BACKGROUND

Following a 29% drop in Freddie Mac stock prices in 2007, OPERS, a state pension fund that provides retirement, disability, survivor and health care benefits, and services for Ohio public employees, filed the instant securities fraud case against Freddie Mac. The case was first before us when the district court dismissed OPERS' complaint with prejudice, concluding that OPERS failed to adequately plead loss causation because the theory OPERS pursued (materialization of the risk) had not been adopted in this circuit. OPERS appealed and we reversed, "join[ing] our fellow circuits in recognizing the viability of alternative theories of loss causation and apply[ing] materialization of the risk." *Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, 830 F.3d 376, 385 (6th Cir. 2016).

Back at the district court, OPERS moved for class certification and both parties sought to exclude the other's experts. The district court denied OPERS' motion for class certification. *Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, No. 4:08CV0160, 2018 WL 3861840 (N.D. Ohio Aug. 14, 2018). It also granted Freddie Mac's motion to exclude OPERS' expert and denied OPERS' motion to exclude Freddie Mac's experts. *Id.*

OPERS petitioned for leave to appeal the district court's denial of its class certification motion pursuant to Federal Rule of Civil Procedure 23(f). *In re Ohio Pub. Emps. Ret. Sys.*, No. 18-310, at *2 (6th Cir. Jan. 23, 2019) (order). We denied the petition. *Id.* Then OPERS asked the district court to enter "sua sponte" summary judgment for Freddie Mac, arguing that the class certification decision prevented OPERS' case from proceeding, as it doomed OPERS' ability to prove loss causation. Freddie Mac opposed OPERS' request, arguing that OPERS was merely attempting to manufacture a final judgment and that the class certification decision was not case dispositive. The district court summarily agreed with OPERS, and entered summary judgment for Freddie Mac. *See generally Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, No. 4:08CV0160, 2020 WL 5593202 (N.D. Ohio Sept. 17, 2020). OPERS appealed.

OPERS raises numerous issues on appeal. First, the district court's exclusion of the *entirety* of the report and testimony of OPERS' expert witness, Dr. Feinstein. Appellant Br. at 37–41 (citing *Nemir v. Mitsubishi Motor Sales of Am., Inc.*, 6 F. App'x 266, 270–73 (6th Cir. 2001) (finding error when the district court struck an expert entirely due to irrelevance without considering the relevance of the individual portions of the report, some of which *were* relevant); *Babb v. Maryville Anesthesiologists P.C.*, 942 F.3d 308, 316–17 (6th Cir. 2019) (finding error when the district court excluded the expert's "proffered testimony *in its entirety*" based on concerns that did not apply to all of the testimony)). Second, the district court's declining to recognize the price maintenance theory of price impact. Appellant Br. at 25–29, 36; *see also In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 258 (2d Cir. 2016) (applying the theory); *FindWhat Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1314 (11th Cir. 2011) (same); *Glickenhaus & Co. v. Household Int'l, Inc.*, 787 F.3d 408, 419 (7th Cir. 2015) (same); *but see IBEW Local 98 Pension Fund v. Best Buy Co.*, 818 F.3d 775, 782–83 (8th Cir. 2016); *Greenberg v. Crossroads Sys., Inc.*, 364 F.3d 657, 665 (5th Cir. 2004). Third, the district court's holding that empirical evidence under *Cammer* 5 is always necessary to establish market efficiency. Appellant Br. at 12–21 (citing *Waggoner v. Barclays PLC*, 875 F.3d 79, 94 (2d Cir. 2017) ("We have repeatedly—and recently—declined to adopt a particular test for market efficiency."); *Local 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*, 762 F.3d 1248, 1256 (11th Cir. 2014)). Fourth, the district court's determination that OPERS needed to establish a semi-strong level of market efficiency. Appellant Br. at 29–35 (citing *Halliburton Co. v. Erica*

*P. John Fund, Inc.*, 573 U.S. 258, 272 (2014) ("Debates about the precise *degree* to which stock prices accurately reflect public information are . . . largely beside the point.")). And finally, the district court's holding that *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013), requires proof of damages as part of class certification. Appellant Br. at 29–35 (citing *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 807 (2011) (holding that a plaintiff need not prove loss causation in order to obtain class certification)).

On appeal, Freddie Mac moved this court to dismiss the appeal for lack of jurisdiction. A divided panel denied the motion. *Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, No. 20-4082, 2022 WL 97152, at *2 (6th Cir. Jan. 6, 2022). But we are not bound by that determination. *In re Bli Farms, P'ship*, 465 F.3d 654, 658 n.2 (6th Cir. 2006); *Clark v. Adams*, 300 F. App'x 344, 351 (6th Cir. 2008). Instead, we can make an independent assessment of jurisdiction. *In re LWD, Inc.*, 335 F. App'x 523, 526 (6th Cir. 2009); *Clark*, 300 F. App'x at 351 ("The law in this circuit is clear . . . 'that the law of the case doctrine does not foreclose reconsideration of subject-matter jurisdiction.'" (quoting *Amen v. Dearborn*, 718 F.2d 789, 794 (6th Cir. 1983)). As Freddie Mac continues to argue that this court lacks jurisdiction, we review the issue anew.

## II. ANALYSIS

We have jurisdiction to review "final decisions of the district courts." 28 U.S.C. § 1291. Final decisions are those which "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." *Innovation Ventures, LLC v. Custom Nutrition Lab'ys, LLC*, 912 F.3d 316, 327 (6th Cir. 2018) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). This finality "rule guards against piecemeal appeals that permit litigants to second-guess the district court at each turn, harming the district court's ability to control the litigation in front of it and consuming finite appellate court resources along the way." *Page Plus of Atlanta, Inc. v. Owl Wireless, LLC*, 733 F.3d 658, 659 (6th Cir. 2013). The application of the final-judgment rule is impacted by Federal Rule of Civil Procedure 23(f), under which we have "unfettered discretion" to "permit an appeal from an order granting or denying class-action certification," even though a class certification decision is not a final order. *See Microsoft Corp. v. Baker*, 582 U.S. 23, 31, 41 (2017).

The Supreme Court considered the interplay between Rule 23(f) and § 1291 finality in *Microsoft Corp. v. Baker*, 582 U.S. 23 (2017). There, the district court struck the class allegations (functionally equivalent to denying class certification) and the plaintiffs petitioned under Rule 23(f) for interlocutory review. *Id.* at 33–34. The Ninth Circuit denied the plaintiffs' petition. *Id.* at 34. At that point, the plaintiffs moved to dismiss their case with prejudice and subsequently appealed the dismissal. *Id.* at 35. The Ninth Circuit determined that the dismissal was final under § 1291, but the Supreme Court reversed and remanded, concluding that the plaintiffs' "tactic [did] not give rise to a 'final decisio[n]' under § 1291" because the "dismissal device subvert[ed] the final-judgment rule and the process Congress has established for refining that rule and for determining when nonfinal orders may be immediately appealed." *Id.* at 37 (second alteration in original). The Court explained that the plaintiffs' "voluntary-dismissal tactic" did not lead to a final judgment as it: (1) invited protracted litigation and piecemeal appeals; (2) created a one-sided appeal right for plaintiffs; and (3) undermined the discretionary regime created by Rule 23(f). *Id.* at 37–42. Thus, where a plaintiff manufactures a dismissal in a manner that implicates these concerns, there is no final judgment, and thus there is no appellate jurisdiction. *See Anderson Living Trust v. WPX Energy Production, LLC*, 904 F.3d 1135, 1142-45 (10th Cir. 2018) (applying this same "three-drawback framework" and finding that *Microsoft* barred appeal following settlement of the named plaintiff's claims). Because the tactic used by OPERS in this case—requesting summary judgment in Freddie Mac's favor—implicates the *Microsoft* concerns, we do not have jurisdiction here and accordingly are unable to reach the significant issues of law OPERS raises on appeal.

First, protracted litigation and piecemeal appeals. Finding jurisdiction over OPERS' appeal would invite protracted litigation and piecemeal appeals, here and in future cases. Say we reversed the district court's class certification decision. What next? It would go back to the district court, at which point the district court could deny class certification on a different ground and OPERS could appeal yet again. *Cf. Microsoft Corp.*, 582 U.S. at 38. But "[i]n designing Rule 23(f)'s provision for discretionary review, the Rules Committee sought to prevent such disruption and delay." *Id.* (citation omitted). As this claim could (and likely would) come back on another appeal, it "cannot be considered final." *Page Plus*, 733 F.3d at 661 (quoting *India Breweries, Inc. v. Miller Brewing Co.*, 612 F.3d 651, 657 (7th Cir. 2010)).

Second, creating a one-sided appeal right. We can think of no situation where a class action *defendant* would ask a district court to enter summary judgment against itself; therefore, finding jurisdiction here would create the one-sided appeal right for plaintiffs that *Microsoft* aimed to avoid. *Cf. Microsoft Corp.*, 582 U.S. at 38–39, 41–42 ("The 'class issue' may be just as important to defendants, for '[a]n order granting certification may force a defendant to settle rather than run the risk of potentially ruinous liability.'" (cleaned up)).

Finally, the discretionary regime created by Rule 23(f). OPERS' tactical choice here undermines Rule 23(f)'s scheme. As *Microsoft* stressed, Rule 23(f) lays out the proper path for an appeal following a class certification decision, and attempts to circumvent that process are "[o]f prime significance to the jurisdictional issue." *Id.* at 39 (citation omitted); s*ee also Page Plus*, 733 F.3d at 661 ("Failure to respect the finality requirement of § 1291 also slights Civil Rule 54(b) and § 1292(b)."). In its summary judgment decision, the district court accepted OPERS' assertion that it could not proceed on its individual claim once the court found lack of price impact at class certification. *See generally Ohio Pub. Emps. Ret. Sys.*, 2020 WL 5593202, at *3. So, at OPERS' own request, the court entered a manufactured judgment for Freddie Mac, not so different from the order granting dismissal in *Microsoft*. Although a summary judgment decision may "technically" comply with § 1291, "finality is to be given a practical rather than a technical construction." *Microsoft Corp.*, 582 U.S. at 37 (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 171 (1974)). Because "§ 1291's firm final-judgment rule is not satisfied whenever a litigant persuades a district court to issue an order purporting to end the litigation," we lack jurisdiction in this case. *Id.* at 41.

Neither *Raceway Props, Inc. v. Emprise Corp.*, 613 F.2d 656 (6th Cir. 1980) (per curiam) nor *Innovation Ventures, LLC v. Custom Nutrition Lab'ys, LLC*, 912 F.3d 316 (6th Cir. 2018) change this outcome. Both decisions relied upon *Procter & Gamble Co.*, 356 U.S. 677 (1958), a case *Microsoft* deemed inapplicable because it "involved neither class-action certification nor the sort of dismissal tactic at issue here." *See Microsoft Corp.*, 582 U.S. at 41 n.11; *Raceway*, 613 F.2d at 657 (citing *Procter & Gamble*); *Innovation Ventures*, 912 F.3d at 328 (same); *see also id.* at 329 (recognizing that the class-certification aspect was a "central[] concern[]" in *Microsoft*).

And both cases are inapplicable for the same reason; they lack the critical consideration of the interplay between § 1291 and Rule 23(f).

## III. CONCLUSION

For these reasons, we **REVERSE** and **REMAND** for further proceedings consistent with this opinion, at which point the district court may, but is not required to, revisit the significant issues of law raised by OPERS.